CAMERON, trustee, *vs.* PHILLIPS.

A deed to secure a debt made by the grantor to a trustee *" to seize*, sell
and dispose of" certain real estate, unless the debt be paid at a given
time, with stipulations as to the manner of sale, and providing that
the proceeds thereof shall be applied first to the payment of the debt,
and the balance, if any, to the grantor, passes such a title to the pos-
session of the land in the trustee as will enable him to recover in
ejectment to carry into *full* effect the purposes of the trust.

Deeds. Title. Ejectment. Trusts. Before Judge HILL-
YER. Fulton Superior Court. October Term, 1877.

Cameron, as trustee for Cox & Hill, brought complaint
for land against Phillips, relying on the following deed as
abstract of title:

" GEORGIA—FULTON COUNTY:

This indenture made and entered into this 3d day of June,
1874; Witnesseth, that William R. Phillips is indebted to
Cox & Hill, a mercantile firm doing business in the city of
Atlanta, county of Fulton, in the sum of $4,000, by a note
due the first day of November next, bearing even date with
the present, and due and payable the first day of November
next, for the sum of $4,000, and payable to Cox & Hill, or
bearer. Now, for the security of the payment of said note,
as well as in consideration of the sum of $10 to him in
hand paid at and before the sealing and delivery of these
presents, the said William R. Phillips has this day granted,
bargained, sold and conveyed unto John D. Cameron of
said county, as trustee, as hereinafter set forth the following
described property, to-wit: A certain city lot number 11,
on Peachtree street, being a part of land lot number 78, in
the 14th district of Fulton, fronting on Peachtree street

$31\frac{1}{2}$, running back to Mrs. Corry's lot 78 feet, bounded on the south by what was formerly known as Hayden's Hall; to have and to hold the same to the said John D. Cameron as such trustee, and his successors and assigns forever; conditioned, however, that should the said William R. Phillips pay off and discharge said note at its maturity, then these presents, as well as this indenture, to become null and void. But should said W. R. Phillips fail or refuse to pay said note at its maturity, then said Cameron, as trustee, may, and he is hereby authorized to, seize, sell and dispose of said premises at public outcry at the door of the court-house of said county, after giving thirty days notice of such sale in some public gazette, and to execute good and legal title to the purchaser, and to apply the purchase-money, after the payment of all expenses, to the payment and discharge of said note and interest and costs, and the overplus to pay over to said William R. Phillips, or his order.

In witness whereof the said William R. Phillips has hereunto set his hand and affixed his seal this the day and year first above written."

(Signed and recorded in the usual form.)

On the trial, this deed was offered in evidence by plaintiff, but rejected by the court. A non-suit was ordered, and plaintiff excepted.

COLLIER & COLLIER, for plaintiff in error.

E. N. BROYLES, for defendant.

JACKSON, Judge.

This was an action of ejectment founded upon an instrument made by Phillips to Cameron, as trustee, and when the case was tried, the court ruled out the paper because it did not, in its judgment, pass such a title as would empower the trustee to recover the possession of the land in ejectment.

To this ruling Cameron excepted, and the question is, did he have the right to recover the possession of the land by virtue of the paper offered in evidence.

It appears from the record, that to secure the payment of a debt due to Cox & Hill, Phillips executed the instrument to Cameron as trustee "to seize, sell and dispose of" the house and lot described, and with the proceeds to pay the debt, and if any sum was left, to pay that to Phillips, unless the debt was paid at maturity.

We think that the intention of the parties, to be gathered from the entire instrument, was to pass such title into the trustee for the benefit alike of the creditors and the debtor, as should enable him to sell to the best advantage for all, and pay the *cestui qui trusts* what the deed entitled them to receive of the proceeds. These *cestui qui trusts* are Cox & Hill, and secondly, Phillips. No man will buy a law-suit; and it is fair to presume that unless the trustee could possess himself of the property and be ready to deliver it to the purchaser, it would not bring a full price. It was, therefore, to the interest of all that Cameron should be ready to deliver possession when he sold. Accordingly he is empowered by the grantor to *seize* the land, which means, we think, in this deed, to possess himself of it. He is empowered not only to sell but to *dispose of*, which words help to convey the idea of possession and the delivery of possession. It is true that he must sell in a particular way; but this often is the case in trust deeds where the title is conveyed to the trustee.

On the whole, under the rulings of this court and the true intent and meaning of this paper, as gathered from its entire terms taken and construed together, we think that such a title passed to the trustee as to give him title to possess this land.

See 55 *Ga.*, 650, and *Woodson vs. Veal & Minor*, decided to-day.

Judgment reversed.