## THE VIRGINIA FIRE AND MARINE INSURANCE COMPANY *vs.* FEAGIN BROTHERS.

Where the insured executed an instrument in the form of a deed, dated 20th day of January, 1875, setting forth therein that he had that day given to the Macon Fire Insurance and Trust Company his promissory note, due twelve months thereafter, for the sum of $5,000,00, with interest from its maturity at the rate of one and a quarter per cent. per month, and in consideration of the premises and of five dollars in hand paid, and of providing for the payment of the note, had bargained, sold, aliened and conveyed the property insured to a trustee for the uses and trusts following: If default should be made of the payment of said note, the trustee to have the power, and it shall be his duty, to enter upon and take possession of the property so bargained, and sell the same at public or private sale at his discretion, and execute titles and give possession to the purchaser, and apply the proceeds first to the payment of said note, and then account to the insured for the balance thereof; until default in payment of the note, the possession and rents, issues and profits, to remain in the assured, but title to be in the trustee, who, on payment of the note, bound himself in the same deed to reconvey to the assured, or to his assigns, without warranty; and where, a few days after the maturity of the note, the houses were consumed by fire, the assured being still in the possession of the insured premises and of the rents and profits thereof; and where, upon the policy, by the consent of the insurance company, there is an indorsement that the loss, if any, on said policy, is made payable to the Macon Fire Insurance and Trust Association, the payees of the $5,000.00 note so provided for in the deed; and where proof of loss was made by the assured, and suit brought by him for the use of the payee of said note; and where the policy covered two tenements on the same lot, one valued at $1,000.00, and the other at $1,500, and the proof was that the agent of the com-

pany had inspected the premises before the policy was issued, and another agent had also inspected them before the renewal thereof, and the amount of insurance on each tenement and the relative value thereof were then fixed by the said agents; and where substantially the same class of tenants occupied the rented tenements from the time first insured up to the fire:

*Held*, 1. That the stipulation in the policy, that " in case of assignment, before or after loss, whether of the whole policy or of any interest in it, or of any sale, transfer or change of title in the property insured by this company, or of any undivided interest therein, or the entry of the foreclosure of a mortgage, or the levy of an attachment or execution, or possession by another of the subject insured, without the consent of the company indorsed thereon, this insurance shall immediately cease," was not violated by the deed hereinbefore set forth, and the loss could be collected notwithstanding said deed, it being the opinion of this court that the deed is not such " an alienation of the property insured " as, under the Code of Georgia, to render the policy void, but rather the "creation of a lien thereon."

*Held*, 2. That suit to recover the loss could be brought in the name of the assured for the use of the payee of the note, notwithstanding the indorsement, with the assent of the company, that the loss was made payable to the payee of the note.

*Held*, 3. That proof of loss was also properly made by the assured under the facts.

*Held*, 4. That proof of the inspection and valuation of the two tenements relatively to each other by the agents of the company, when insured and renewed, is *prima facie* sufficient evidence of the value of each tenement at the time of the loss.

*Held*, 5. That the fact that some of the apartments were occupied for bar-rooms and other loose and immoral purposes at the time of the loss, cannot affect the case, as substantially the same classes of tenants occupied the house when insured, after inspection by the agents.

*Held*, 6. That the verdict for the plaintiff is supported by the evidence, and not contrary to law.

Insurance. Contracts. Title. Lien. Parties. Verdict. Before Judge GRICE. Bibb Superior Court. April Term, 1878.

Feagin Brothers (the payees of the policy sued on) brought suit, for the use of the Macon Fire Insurance and Trust Association, against the Virginia Fire and Marine In-

surance Company, alleging an indebtedness of $2,500.00 on a policy of insurance, $1,000.00 of which was on their wooden dwelling, etc., and $1,500.00 on their wooden livery stable ; that the insurance extended from 1873 to 1874, was then renewed from 1874 to 1875, and from 1875 to October 31st, 1876, and the loss occurred during the last term of insurance.

Defendant pleaded as follows :

1. The general issue.

2. That the policy had in it a condition that the state of the title should be disclosed, and if anything less than the *fee simple* existed it was required to be specially represented to the company.

3. The further condition, that in case of an assignment, before or after a loss, whether of the whole policy or of any interest in it, or of any sale, transfer or change of title in the property, without the company's consent indorsed on the policy, it shall be void, and no action be maintainable thereon. All renewals were made on these conditions.    Yet it is a fact that when the policy was taken out, the title was not in the Feagins (plaintiffs), and never was in Feagin Brothers.    The Feagins had an interest under bond for titles. The title was transferred January 12, 1875, to Henry S. Feagin, with consent of Geo. M. F. Feagin, and by Henry S. Feagin, January 20, 1875, to J. M. Ogden, trustee.    The title remained in Ogden until the burning.    The deed to Ogden was made to secure a debt due the Macon Fire Insurance and Trust Association.    All this was without the knowledge or consent of defendant.

4. Plaintiffs concealed the nature and character of the risk, and misrepresented the same, both at the time of the first insurance and at each and every renewal thereof, and did so use and occupy the buildings as to increase the risk, without the knowledge or consent of defendant.    A blacksmith shop was added, the dwelling house was changed to a store, and a bar-room set up therein.    The dwelling-house was made a hotel, a drinking shop and a brothel, without

SUPREME COURT OF GEORGIA.

The Virginia Fire and Marine Insurance Co. *vs.* Feagin Bros.

defendaut's consent, express or implied, and this state of things continued to the fire.

The jury found for the plaintiff the full amount, and also ten per cent. damages.

Defendant moved for a new trial, on the following, among other grounds.:

1. Because the verdict was contrary to law and evidence.

2. Because there was no proof of the separate value of the buildings, and the verdict was therefore contrary to the charge, that it was incumbent on the plaintiffs to show the loss on each.

3. Because the court charged, in effect, that the deed to Ogden, trustee, was only a lien, and did not, without more, invalidate the policy. That it did not amount to a sale, there being no change of possession or steps towards that end.

4. Because the court refused to charge that the Macon Fire Insurance and Trust Association was the proper party to make proof of loss, demand payment and bring suit.

5. Because the court refused to charge that if the property was used as a bawdy-house, and this was calculated to increase the danger of burning, and the company had no notice, plaintiffs cannot recover.

The facts shown by the evidence sufficiently appear from the head-notes. The motion for new trial was overruled, and defendant excepted.

LANIER & ANDERSON; HILL & HARRIS, for plaintiff in error, cited (on alienation), Code, §§2807, 1969; 55 *Ga*, 412, 650; 11 Met., 429; 8 Gray, 28; 29 Conn., 68; 29 Me., 292; 62 Penn. St., 340; 71 Penn., 4222; 60 Ill., 509; 3 Robt., 423, 428; 1 Allen, 311; 3 *Ib.*, 362; 10 Wallace, 33.

BACON & RUTHERFORD; E. F. BEST, for defendants, cited (on alienation), Code, §2807; 1 Curtis C. C., 193; 4 Mass., 330; 23 Penn. St., 50; 50 Me., 330; 20 Vt., 546; 4 Met., 9; 45 N. Y., 454; 12 Allen, 382; 17 Iowa, 176; 21 *Ib.*, 193; 59 Penn. St., 474; 32 Me., 421; 1 Robt. (N. Y.), 55.

JACKSON, Justice.

1. Is the instrument such an alienation of the property as, under our Code, section 2807, defeats the recovery under the policy? We think that it is not. Probably, for certain purposes, the title passed—the mere legal title — but it passed to a trustee for the use of certain parties, and among them the assured; really to secure a debt of his and account to him. Whilst, therefore, there might have been a recovery in ejectment by the trustee for the purposes of a trust, as ruled on a somewhat similar paper in 60 *Ga.*, 434, still the equitable title—the real title—and the possession, with rents and profits, remained in the assured, who still held an insurable interest in the property. Substantially the conveyance amounted to a security by the assured to pay a debt of theirs, and then the balance to them, and a reconveyance was to be made to them if they paid the debt. It is not such an absolute alienation as voids the policy. The Code declares that *an alienation* voids it, but the "creating a lien on the property does not void." In one sense, every mortgage is an alienation, and we have held that upon an equitable mortgage, or papers which make it, there may be recovery in ejectment; yet in truth and at the bottom it is but creating a lien. The spirit and reason of the law in respect to insurance is, that the assured must not so alienate the property as to make the insurer trust to another to take care of the property instead of the man with whom he bargained and whom he was willing to trust. Code, §2807.

2. We think it immaterial that suit was brought in the name of the assured for the use of the person to whom the policy, by consent of the insurer, was to be paid. If improperly brought, it was amendable, and could have proceeded in the name of the real party to whom by the transfer it was made payable. See *Wilson vs. First Presbyterian Church of Savannah*, 56 *Ga.*, 554.

3. Proof of loss was also made by the original assured and to this there is also objection; but the fact is that he

was still in possession, and it matters little whether it was done by the party to whom the loss was payable, or his agent in possession of the property.

4. It seems to us also that there is sufficient *prima facie* evidence of the relative value of each tenement in that the agent of the company inspected both tenements, and agreed to the value of each—one at one thousand and the other at fifteen hundred dollars. So that there seems to be no real merit in the ground that there was no evidence how much each tenement was worth as compared with the other.

5. It is true that the record shows that some apartments were occupied as bar-rooms, and for other immoral purposes, at the time of the fire. Undoubtedly such use, if unknown to the assured, and unprovided for in the rate of insurance, would vitiate the policy; but it seems clear, from the evidence, that the apartments were so used when the agent of the company first inspected them, and when the policy was annually renewed afterwards; and further, that the rate charged was four per cent., whereas for ordinary property it would have been one and a half. Evidently the agent knew the dangers of the risk, and charged proportionately.

6. In view of all the facts, we are of the opinion that substantial justice has been done—that the verdict is supported by evidence and law—that no legal quibbles should be allowed to defeat a recovery against these companies when no substantial defense is put up by them—that in this case no such defense has been set up and sustained, and the verdict ought to stand.

Judgment affirmed.