## THE MERCHANTS' AND MECHANICS' INSURANCE COMPANY *vs.* VINING & BROTHER, for use.

1. The charges of the court complained of were not unfounded on evidence.

(*a.*) Where the agent of an insurer asked the insured, upon the renewal of the policy, if the risk was about the same as before, and upon an affirmative answer being given, entered the amount in a blank in the application, the jury might infer that he knew what it was before, and a charge based on that hypothesis was not error.

2. If the assured did not know the value of property on which he desired insurance, but *bona fide* stated such value on information, and so informed the insurer or its agent, the falsity of the information would not avoid the policy.

3. An absolute refusal to pay on the part of an insurer waives preliminary proofs.

4. A refusal by an insurer to settle with the insured or to fix the amount of liability, if any, during the pendency of certain garnishments, would waive proofs of loss during that time.

5. The verdict is supported by the evidence.

Insurance.    Charge of Court.    Principal and Agent. Waiver.    New Trial.    Before Judge WILLIS.    Muscogee Superior Court.    November Adjourned Term, 1880.

Reported in the decision.

PEABODY & BRANNON, for plaintiffs in error.

BLANDFORD & GARRARD, for defendants.

CRAWFORD, Justice.

Vining & Bro. sued The Merchants' & Mechanics' Insurance Company of Virginia, to recover their losses on policy given to them by that company. The jury gave a verdict against the company; a new trial was refused, and the case is brought up upon the charge of the court, and because the finding was decidedly and strongly against the weight of the evidence and the principles of equity and justice.

(1.) The first error complained of in the charge is that the judge instructed the jury, " If the company or their authorized agent examined the goods at the time they were insured, or knew the amount of goods insured, and made no objection to the amount represented by the assured, then they cannot set up the fact that they were insured for too much, and that the policy is therefore void."

(2.) " If the party seeking the insurance does not know the amount or value of the property insured, but makes a statement of the value on the representations of others *bona fide*, and so informs the insurer or his agent, the falsity of the information does not void the policy."

1, 2. The objection urged to these two charges is that there is no testimony to authorize the judge to give them.

The testimony of D. M. Vining is that the firm had kept their goods insured with this company; that it was represented by Mr. Andrews, as agent, who came to Rut-

ledge, their place of business, once or twice a year, and was in their store; the last time he came, he notified witness that their policy had expired, and asked if they wanted it renewed; witness told him that they did want it renewed, and he signed an application in blank at his (the agent's) instance; he asked witness if the risk was about the same as before, and witness told him that it was. Andrews, the agent, filled out the application. The facts stated in answer to the questions were true, as near as witness could have stated them himself.

On this testimony, we hold that the charges given were not without authority. The agent asked the assured if the risk was about the same as before; this being a renewal, the jury had a right to infer from the conversation that he knew about what the risk was; and if he made no objection, of course his principal had no right to claim that the policy was void for any such reason. 62 *Ga.*, 515.

And if the assured did not know the exact value of the property insured, and made a *bona fide* statement of the value, although it may have been on the representations of others, and so informed the insurer or his agent, the falsity of the information does not void the policy. Whilst the testimony does not make exactly this state of things, yet the evidence is clear that the agent was satisfied with what he saw or had seen, and that if there were fault on his part, and none shown on the part of the assured, it did not lie in the mouth of the company to set it up against the plaintiffs.

(3), (4.) Because of error in the following charges, in that there was no such absolute refusal to be inferred from the testimony: "An absolute refusal to pay, waives a compliance with the regulations of the company as to notice and preliminary proofs of loss."

"An absolute refusal to pay for any reason waives a compliance with the regulations of the company as to notice and preliminary proofs."

3, 4. The testimony shows that an agent of the company

went to adjust the loss a day or two after the fire in January, 1879. In February or March D. M. Vining, one of plaintiffs went to see Mr. Willcox, the agent of the company, who notified him that he could not pay the claim as it had been referred to their attorneys, and they would have to adjust it. Very soon thereafter Mr. McHenry, the attorney of the plaintiffs, called on the company represented by Mr. Willcox, who understood that he had brought the proofs of loss with him, but something was said about the garnishments, and they then went to Mr. Garrard's office. Afterwards Mr. Garrard, as attorney for the plaintiff, called on Mr. Willcox with the proofs, who said that he had been garnished, and could not settle with him. Mr. Garrard tried to get him to agree upon the amount of loss, but he said he could do nothing while he was garnished. The proofs of loss were not therefore presented, but were filed the latter part of April or first of May, and the suit was not brought until the twentieth day of October following.

These facts constitute an absolute refusal to settle the amount of the loss, or to pay to the assured, even if the proofs had been then submitted, and were at least sufficient to base a charge upon to that effect. And beyond question they amount to a waiver of all proof of loss during the pendency of the garnishment. A refusal to pay, *is a refusal to pay ;* and whether for a good or bad reason puts each party on its independent rights under the law and the contract. If, therefore, the plaintiffs complied with their part of the contract by filing the proofs of loss in April or the first of May, and did not sue until the last of October, they lost none of their rights; the more especially when they were notified by the company that they had referred the matter to their attorneys first, and then that they would not settle while the garnishments were pending. Code, §2813 ; 53 *Ga.,* 535–[6.]

(5.) The last ground taken is that the verdict is strongly and decidedly against the weight of evidence, and contrary to the principles of equity and justice.

5. The verdict was for $1,000.00. The calculations of the different witnesses reached different results. According to one view the amount of the loss was only $692.41; according to the testimony of another witness it was $1,500.00; which was right, was a matter for the consideration of the jury, and they have said $1,500.00, and that $1,000.00 being the amount of the policy, the plaintiffs are entitled to that much. Juries weigh evidence.

Judgment affirmed.