### JOHNSON *v.* OSBORN & WOLCOTT.

An instrument of writing of even date with a promissory note to
which it was attached, duly recorded, "for the better securing the
payment of the above promissory note," selling and conveying to
the payees thereof certain described property, providing that the
title to the same should remain in the payees until the note was
paid in full, and should the maker well and truly pay said note
according to the tenor and effect of the foregoing, this conveyance
to be void, else of full force, and authorizing the payees to sell
said property at public or private sale: *Held,* that whether the
instrument be a mortgage or not, it conveyed such an interest to
the payees as would authorize them to recover in trover from one
to whom the property had been delivered by the maker.
July 7, 1890

Trover.    Contracts.    Mortgages.    Before Judge
BOYNTON. Pike superior court. October term, 1889.

Reported in the decision.

E. F. DUPREE, by brief, for plaintiff in error.
STEWART & DANIEL, by brief, *contra.*

BLANDFORD, Justice.

This was an action of trover brought by the defend-
ants in error against the plaintiff in error for the
recovery of certain personal property. On the trial of
the case the defendants in error, who were the plain-
tiffs in the court below, relied upon a certain instrument
in writing as showing sufficient title in them to au-
thorize a recovery against the defendant. This instru-
ment in writing was as follows:

"GRIFFIN, GA., Feb. 13th, 1888.

"On the 15th Oct. next I promise to pay Osborn & Wolcott, or order, fifty-eight and 32/100 dollars, for value received; if not paid when due, I agree to pay interest at the rate of 8 per cent. per annum until paid; and if collected by law, I agree to pay 10 per cent. as attorney's fees," etc.

This was signed by D. R. Hancock under his hand and seal. Thereto attached is the following writing:

"Georgia,
"Spalding County. } For the better securing the payment of the above promissory note, bearing even date with these presents, I hereby bargain, sell and convey unto Osborn & Wolcott, their heirs and assigns, the following described property: one Tennessee one-horse wagon and harness; also, one small bay mare mule about 10 years old named Beck. Titles of above mentioned property to remain in Osborn & Wolcott until the above note is paid in full. And I hereby warrant the title to the said property and convenant that I have the full right to convey it, and that the same is wholly unincumbered. Now should the undersigned well and truly pay said note according to the tenor and effect of the foregoing, then this conveyance to be void; else of full force. And the undersigned hereby specially waives and releases for himselt and family all homestead and exemption rights that he may have by virtue of the constitution and laws of Georgia in and to said property as against this note. And I hereby authorize the said Osborn & Wolcott to sell said property at public or private sale, and I agree to pay any unpaid balance. Witness my hand and seal, this 13th day of Feb., 1888."

The above writing was signed by D. R. Hancock, and was duly recorded. The evidence shows that Johnson, the plaintiff in error, purchased the property embraced in the above writing from Mrs. Hancock after the execution of this conveyance; and it was shown by Mrs. Hancock that her husband had left the State, and that she was authorized to settle his debts. The court

held that the writing above set forth conveyed such a title or interest in Osborn & Wolcott as would authorize them, under the facts of this case, to recover the property from Johnson. This ruling is excepted to, and error assigned thereon. Whether the writing above set forth is a mortgage or not, we are of the opinion that it conveyed such an interest in Osborn & Wolcott as would authorize them to recover from Johnson, under the facts of this case, in an action of trover. We are inclined to think that the writing is a mortgage; yet, it is a mortgage coupled with an interest in Osborn & Wolcott upon default of payment of the debt mentioned therein. The writing authorized them, upon default of payment, to sell and convey the property therein mentioned; and in order to sell the same, they had a right to have possession of the property; and if the property had gone into the possession of another person, to wit, as Johnson, and he failed to deliver it to them upon demand, they could well bring their action of trover to recover it for the purpose of executing the power conveyed to them by the writing. See the case of *Allen* v. *Frost*, 57 *Ga.* 326; see also *Cameron* v. *Phillips*, 60 *Ga.* 434, which latter case we think fully sustains the views we have above expressed.        *Judgment affirmed.*