5432. STERLING MUTUAL LIFE INSURANCE COMPANY
*v.* STANLEY.

This case is controlled by the ruling of this court in *Stanley* v. *Sterling Life Insurance Co.,* 12 *Ga. App.* 475 (77 S. E. 664).

DECIDED SEPTEMBER 23, 1914.

Action on insurance policy; from city court of Madison—Judge Anderson. December 26, 1913.

*F. C. Foster,* for plaintiff in error. *M. C. Few,* contra.

RUSSELL, C. J. This is the second appearance of this case in this court, the present defendant in error having brought to the October term, 1912, a bill of exceptions complaining of a judgment of nonsuit. *Stanley* v. *Sterling Mutual Life Insurance Co.,* supra. The material facts in behalf of the plaintiff were substantially stated by Judge Pottle, in rendering the decision in that case, and there is no real difference in the testimony for the plaintiff on the previous trial and on the trial now under review.

In our adjudication upon the judgment of nonsuit, when the case was here before, we held, (1) that by accepting proof of death, in the statement furnished by the beneficiary, the Sterling Mutual Life Insurance Company waived the right to set up, as a matter of defense, that the proof of death was not furnished in compliance with one of the stipulations of the contract of insurance; (2) that

if the insurer, under the circumstances stated in the record, led the holder of the policy to believe that he was going to be paid without suit, the insurer could not take advantage of the provision in the policy that suit thereon should not be brought within sixty days nor after the expiration of ninety days from the time that proof of death was made and filed; (3) that the plaintiff was entitled to recover the sum of $1 for each member in good standing at the date of the death of the insured, where no legal reason was offered by the insurer for failing to collect assessments in accordance with the stipulations of the policy, and there was no sufficient excuse for failing to make the call for the assessments upon those members. We held that since there was evidence that there were 74 members in good standing at the time when the call or assessment should have been made, to meet the loss occasioned by the death of the plaintiff's wife, it devolved upon the insurer to present a valid and legal reason why the call was not made.

Upon the trial now under review the defendant introduced testimony to the effect that it was with the greatest difficulty that the company succeeded in collecting $74 to pay the death claim of one Samuel Mearn, whose death preceded that of the plaintiff's wife; that other assessments were made and all of the members lapsed, and nothing could be collected. The defendant's secretary and treasurer also contradicted the plaintiff's statement to the effect that he gave him notice of the death of his wife; and it may be said that the testimony upon this material issue was in conflict. However, upon this trial the plaintiff introduced a witness who testified that the secretary and treasurer told him that the plaintiff would receive $65 or $75 on his contract of insurance upon the life of his wife; and since the testimony of the secretary and treasurer that the assessment would likely not have been paid, based upon the fact that he had had great difficulty in collecting the Mearn assessment, was a mere conclusion of the witness, the jury were not compelled to accept the reason given by the insurer for not issuing the assessment, as a valid and sufficient reason for the failure to perform that duty, which we heretofore held to be essential. The sufficiency of the excuse for not issuing the assessment was, under our previous ruling, left to the decision of the jury. Upon a review of the record it can not be said that there was no evidence which would have authorized the jury to infer that there were

74 members subject to the assessment, for the secretary and treasurer himself swore that if the plaintiff's wife died at the time the plaintiff testified to, there were at that time the names of 74 members still in good standing. According to the testimony of Atkinson, he was told by the secretary and treasurer of the company, shortly after the death of the plaintiff's wife, that he would be able to pay $65 or $75 on the policy. This statement indicated that the secretary and treasurer at that time believed there were a sufficient number of members in good standing to make a payment upon the policy, and, under our previous ruling in this case, there was sufficient evidence to entitle the plaintiff to recover, unless a valid reason was presented for not levying the assessment. The only reason for not levying it, as appears from the record, was the opinion of the secretary and treasurer that the assessment, even if levied, would not be paid. The jury concluded that this excuse was insufficient, and we are not prepared to hold that it is sufficient.

The instructions of which the plaintiff in error complains appear to be fully in accord with the rulings of this court upon the questions presented, which are res judicata. So far as concerns these parties and the subject-matter of the suit, the former decision of this court is the law of the case.

*Judgment affirmed. Roan, J., absent.*