the property to sale and sold it to Ruth Hogan, wife of
Jim, for $175, who is seeking to evict Sarah from the
premises and slandering her interest and title therein
as year's support. The prayer was, for injunction re-
quiring Ruth and Jim Hogan and Sanford to desist,
under penalty, from all other proceeding under said sus-
pended order of the ordinary in said pretended sale, or
otherwise from disturbing or slandering the possession
and title of petitioner to the premises, until final order to
the contrary, etc. A temporary restraining order and
rule *nisi* were granted, and on January 20, 1892, the
court ordered that the injunction be continued until fur-
ther order. On May 6, 1892, an amendment was filed
by Waller as administrator of Sarah Hogan who died
on January 29, 1892. He alleged, that he was appointed
as such administrator on February 13, 1892; and that
the defendants conspired in contempt of the injunction
granted on January 20, 1892, procured the execution
and record of a deed from Jim Hogan, administrator,
to Ruth Hogan, his wife, and demanded possession of
the premises, seeking to slander and imprison(?) peti-
tioner's title as administrator of Sarah Hogan. Where-
fore he prays to be made a party plaintiff; that the pre-
tended deed from Jim Hogan, administrator, to Ruth
Hogan, be cancelled; and that the defendants each be
absolutely enjoined from all further proceeding against
the house and lot.

On oral demurrer the petition was dismissed.

C. P. CRAWFORD, for plaintiff.

D. B. SANFORD, for defendant.

---

JONES *v.* LAMON.

1. The attachment under which the levy was made having been
sued out by the attorney of the plaintiff in that case, and the facts
and circumstances showing beyond question that there was no

v 92-34

reason to believe that any property was or would be within reach of the attaching officer except the horse and buggy on which the levy was made, and the attorney having been present when the levy was made, and not having said or done anything to forbid or disapprove the act of the levying officer, it is a necessary inference that the act of the officer in seizing the particular property was as much the result of the attorney's conduct as it would have been if the latter had expressly pointed out the property and directed the officer to seize it under the attachment. The levy should therefore be treated as having been made by direction of the attorney, and with authority from his client, the property at the time of the levy being in the possession of the defendant in attachment.

2. As the property in fact belonged, not to the defendant in attachment but to his daughter, if the attorney knew or had reasonable grounds for believing it did belong to her, he was chargeable with notice of the daughter's title, and notice to him would be notice to his client. On this ground the client would be liable in an action by the daughter for the actual damages sustained by her in consequence of the levy, and might in the discretion of the jury be subject also to exemplary or punitive damages, if either in the act or the intention the tort was attended with circumstances of aggravation.

3. If the attorney was ignorant of the daughter's title, and believed in good faith that the title was in the defendant in attachment, as his possession indicated, and if he caused the levy to be dismissed without any unreasonable delay upon being informed of her title, the client would be liable to the daughter for actual damages only.

4. Actual damages recoverable for the wrongful seizure of personal property embrace the necessary expenses incurred in regaining possession, together with reasonable hire for the property during the time it was withheld from the owner. A part of the expense would be the loss of time, if any, by the owner in giving necessary personal attention to the business.

5. Though the court may have committed some errors, yet in view of the evidence and the small amount of the verdict, there was no error in denying a new trial.　　　　*Judgment affirmed.*
July 17, 1893.

Action for damages. Before Judge WILLIS. City court of Columbus. October term, 1892.

Belah Lamon sued Rufus Jones, alleging that defendant in the name of Jones Brothers wrongfully, maliciously and without probable cause, procured an attach-

ment to be issued by Bowles, a justice of the peace, in favor of Jones Brothers against John Lamon, and having done so maliciously and out of mere vexation and without any reasonable or probable cause, procured and caused the attachment to be levied by Bartlett, a lawful constable, upon a horse and phaëton at the time in petitioner's possession and her property, and the constable, being thus made the tool to carry out the malicious and wicked purpose of defendant, stopped petitioner and the horse and phaëton upon the public streets in Columbus and took them from her in the presence of a great multitude, etc.    Defendant demurred upon the ground that the plaintiff did not allege that the levy was made by the order or direction of defendant, or that he was at the time present aiding and abetting the officer therein, or that the same was afterwards ratified by him, or that he had any knowledge, before or at the time of the levy, of the officer's intentions and purposes, actings and doings.    Plaintiff obtained a verdict for $35, and defendant's motion for a new trial was overruled.    It is unnecessary to set out the grounds of the motion.

MILLER & MILLER, for plaintiff in error.
THORNTON & McMICHAEL, contra.

FERGUSON et al. v. THE BECK & GREGG HARDWARE CO.

1. Where an execution against an administratrix directs the seizure, not of her individual property, but of the property of her intestate in her hands to be administered, an entry of levy made by the proper officer on the execution, to the effect that he had levied on certain described land as the property of the administratrix, should be construed as meaning the property of the estate which she represented and not her own property individually.    The levy, though informally entered, is a sufficient exercise of the power conferred by the writ.    Gibson v. Robinson, 90 Ga. 756, 16 S. E. Rep. 969.
2. It is not cause for a new trial that the losing party neglected to inform his counsel of an obviously material fact until the trial