CONTINENTAL INSURANCE COMPANY *v.* ANDERSON
*et al.,* receivers.

107  541
s112 533

1. A fire-insurance company may, in defense to an action against it by one for whose benefit a "mortgage clause" was attached to and made a part of the policy declared upon, set up the fact that the plaintiff violated a stipulation contained in such clause, non-compliance with which on his part rendered the policy void as to him.

2. When such a "mortgage clause" in effect stipulated that the policy should be rendered void by any change in the title or ownership of the property therein described, unless the creditor named in such clause, in case he obtained knowledge of such a change, should notify the insurance company thereof, then if the insured, before taking out the policy, had conveyed the property to this creditor for the sole purpose of securing a debt, and after the issuance of the policy conveyed the property absolutely to another, and the creditor, though he had knowledge of the latter conveyance, failed to notify the company thereof, the policy was, as to him, void.

3. As the court erroneously struck an amendment to the defendant's answer

which had been allowed and which set up a good defense to the action, all which subsequently occurred at the trial was nugatory.

Argued November 28, 1898.— Decided July 22, 1899.

Action on insurance policy. Before Judge Sweat. Ware superior court. April term, 1898.

*Toomer & Reynolds* and *Spencer R. Atkinson*, for plaintiff in error. *Hitch & Myers* and *L. A. Wilson*, contra.

LITTLE, J. The following statement sufficiently sets forth all the facts material to an understanding of the rulings made in this case: In June, 1895, the Continental Insurance Company issued a policy to H. A. Cannon, insuring "his" dwelling-house against loss by fire for a term of three years. This policy, among other things, stipulated that it was to be void, "if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of the insurance (except change of occupancy without change of hazard)." Before the issuance of this policy, H. A. Cannon had conveyed the property therein described to the Southern Mutual Building and Loan Association to secure a debt due by him to it. Attached to the policy and forming a part thereof, was a clause known as the "New York Standard Mortgage Clause," which stipulated that "loss or damage, if any, under this policy, shall be payable to" this association "as its mortgagee (or trustee) interest may appear," and that "the insurance, as to the mortgagee (or trustee) only therein, shall not be invalidated by . . any change in the title or ownership of the property; . . provided . . that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy . . which shall come to the knowledge of said mortgagee (or trustee); . . otherwise this policy shall be null and void." On May 26, 1897, the property insured was destroyed by fire, and the receivers of the building and loan association brought an action against the insurance company for the amount of the policy, and also for damages and attorney's fees.

After one of the paragraphs of the defendant's answer had been stricken on demurrer, the court allowed it to file an

amendment to its answer. It was as follows : " And now comes the defendant in the above-stated case and by leave of the court amends its plea, and says that among the conditions upon which the policy of insurance sued upon was issued was the one that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void, 'if any change, other than by death of the insured, take place in the interest, title, or possession of the subject of the insurance (except change of occupancy without change of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise.' Defendant further says, that at the time of the loss the assured was not the owner of the property insured, but that pending the insurance, in violation of the condition hereinbefore expressed, and without the consent of this defendant, he, the said H. A. Cannon, conveyed said property to R. C. Cannon by deed dated October 5th, 1896. . . That thereafter, on the first day of December, 1896, R. C. Cannon made and delivered to the Southern Mutual Building & Loan Association, the plaintiff, a deed conveying the property in fee simple, which had been conveyed to the said R. C. Cannon by the said H. A. Cannon, which two deeds were recorded on the 15th day of December, 1896. That on said date the said the Southern Mutual Building & Loan Association, had full knowledge that the property insured had been conveyed by H. A. Cannon to R. C. Cannon, as stated above, which knowledge was acquired by it prior to the destruction of the premises insured by fire, and that said Southern Mutual Building & Loan Association, although fully informed as to the change of ownership in the property insured, failed to notify this defendant of such change of ownership. That this defendant did not know of the fact that said Southern Mutual Building & Loan Association knew of such change of ownership in the property insured at the time of the filing of the original plea in said cause. That . . the alienation of the property by said H. A. Cannon pending the insurance, without the consent of defendant, invalidated the policy of insurance, and the plaintiffs having full knowledge of such change of ownership before the destruction of the premises by fire, and failing to notify this defendant of

such change of ownership, precludes plaintiffs from recovering under and by virtue of said policy of insurance and the mortgage clause attached thereto."

No point was made when this amendment was allowed that it was not offered in due time. It was, however, on motion of plaintiffs' counsel, stricken; and the question is properly made in the record whether or not it set up a good defense to the plaintiffs' action. The trial resulted in a verdict for the plaintiffs, and the case is here for review. As the court by striking the amendment to the defendant's answer, which embraced the only specific defense it set up, committed an error which was fatal to that defense and deprived the defendant thereof, all which occurred subsequently was, of course, nugatory. We accordingly limit our remarks on the law of the case to a discussion of the merits of that amendment. An examination of it will show that the defendant distinctly made the point that because of the association's failure to notify the company of the change of ownership in the insured property, effectuated by the conveyance from H. A. Cannon to R. C. Cannon, it being aware of such change before the loss occurred, the plaintiffs were precluded from recovering, either under the policy or the "mortgage clause" thereto attached. The court therefore erred in striking this amendment, if the deed from the one Cannon to the other as matter of law effected a material change in the title or ownership of the property. We have no doubt that such a change did result from the execution and delivery of this deed. A security-deed has in view a single purpose, namely, the securing of a debt. Undoubtedly the maker of such a deed retains in himself a substantial interest in the property. Certainly he has the equity of redemption, and to that extent may be regarded as having some "ownership" in the subject-matter of the conveyance. On the other hand, an absolute deed of bargain and sale leaves no interest nor any semblance of ownership in the maker. Until after the making of the deed to R. C. Cannon, H. A. Cannon surely had some interest in the property. Though the legal title was in the building and loan association, it was at last merely a qualified title, and left an interest of greater or less value in H. A. Can-

non. But when he conveyed absolutely to R. C. Cannon, that interest went out of him, and he was no longer in any sense the owner of the property. We feel quite sure that the language of the "mortgage clause" contemplated that just such a change as this would invalidate the policy, if, with knowledge thereof, the creditor named in that clause failed to give the requisite notice to the insurance company.

*Judgment reversed. All the Justices concurring.*