## 25149. METROPOLITAN LIFE INSURANCE COMPANY
### v. FIELDS.

DECIDED FEBRUARY 13, 1936.   REHEARING DENIED MARCH 24, 1936.

*Smith, Smith & Bloodworth, W. H. Smith,* for plaintiff in error. *A. Walton Nall, Luther Roberts,* contra.

SUTTON, J.   This was a suit on a certificate of employee's group life and disability insurance.   The certificate provided that upon termination of the employee's employment, for any cause, all of his insurance should cease, and that disability benefits should be paid to any employee "who furnished due proof to the company, within one year after the termination of his insurance, that, while insured thereunder and prior to his sixtieth birthday, he has become totally and permanently disabled," and the group master

policy provided: "Upon receipt by the company of due notice and proof in writing that any employee, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled as a result of bodily injury or disease, . . the company shall discontinue the insurance in force on the life of said employee, and three months after receipt of such proof shall commence to pay" the disability benefits. The policy also provided "that no payment for total and permanent disability shall be made unless written notice thereof has been presented to the company within one year after the termination of the insurance of any such disabled employee," and that "the insurance on any employee insured hereunder, who shall have ceased to be in the employ of the employer, shall be discontinued as of the date such employee left the employ of the employer." The insured contracted tuberculosis while in the service of his employer, and gradually grew weaker and worse until, on January 20, 1932, on account of such disease, the insured was forced to terminate his employment. The evidence shows that he did not file any proof of his disability until August 18, 1933. In his suit he alleges that he duly filed proof of his disability, and that the insurer denied liability and refused payment on the ground that it did not consider that he was totally disabled when he terminated his employment or that he had been continuously so disabled to the present. The plaintiff alleged that demand was made of the defendant for payment more than sixty days before filing this suit. He did not allege any reason for failing to file proof of disability within one year after he became totally disabled and his employment terminated which caused his insurance to cease. The trial resulted in a verdict for the plaintiff. The defendant's motion for new trial was overruled, and it excepted.

■ Where a certificate of employee's group insurance provides that the insurer will pay no disability benefits unless written notice or proof of disability has been presented to it within one year after the termination of the insurance, which automatically terminates upon the termination of the insured's employment for any cause, furnishing a written proof to the insurer within one year from such time is a condition precedent to the right of the insured to recover the disability benefits provided for in the policy; and must be complied with in a substantial manner within the time prescribed, in order to authorize a recovery against the insurer, unless this is expressly

or impliedly waived or non-compliance is legally excused. *Graham v. Niagara Fire Ins. Co.*, 106 *Ga.* 840 (32 S. E. 579); *Stanley v. Sterling Mutual Life Ins. Co.*, 12 *Ga. App.* 475 (77 S. E. 664); *Sterling Mutual Life Ins. Co. v. Stanley,* 15 *Ga. App.* 263 (82 S. E. 826); *National Life &c. Ins. Co. v. Jordan,* 21 *Ga. App.* 647 (94 S. E. 862); *Ætna Life Ins. Co. v. Allen,* 49 *Ga. App.* 200 (174 S. E. 724); *Travelers Ins. Co. v. Lancaster,* 51 *Ga. App.* 390 (180 S. E. 641); *Patrick v. Travelers Ins. Co.*, 51 *Ga. App.* 253 (180 S. E. 141); *Lloyd v. Ætna Life Ins. Co.*, 50 *Ga. App.* 478 (178 S. E. 479). Where the plaintiff alleges his compliance with the terms of the policy, instead of a reason for a non-compliance, and proceeds to trial and verdict without amendment, he is "shut into the case which he makes." Although a demand is alleged to have been made more than sixty days before the filing of the suit, and it is alleged that the company "has refused to pay," this must be construed with the other averments, which distinctly disclose that the action is founded, not on a waiver by the insurer, but on a compliance by the insured with the provisions of the policy as to furnishing proof of disability. *New Zealand Fire Ins. Co. v. Brewer,* 29 *Ga. App.* 773 (8) (116 S. E. 922). The policy in this case is not like the policy involved in *Travelers Ins. Co. v. Sanders,* 47 *Ga. App.* 327 (4) (170 S. E. 387), which provided that "The insurance of any employee covered hereunder shall end when his employment with the employer shall end, except in a case where at the time of such termination the employee shall be totally disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit."

■ Applying the above principles to the uncontroverted facts of this case, a recovery in the plaintiff's favor was not authorized, and the judge erred in overruling the motion for new trial. In this view, it is unnecessary to pass on the exceptions pendente lite or on any of the special assignments of error.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION FOR REHEARING.

Counsel for the defendant in error contend in their motion for rehearing that the insured had no notice of the provision in the policy to the effect that no disability benefits would be paid unless proof of disability was given within one year from the termination of the insurance. The first sentence in the certificate of in-

surance issued to the insured was as follows: "Under and subject to the terms and conditions of its Group Life Policy No. 6100G, Emmett I. Fields . . is insured for one thousand dollars." The certificate of insurance and the master-group policy formed the contract between the parties in this case. The pertinent provisions, terms, and conditions of the certificate and group policy, with reference to the requirement of making proof of disability within one year from the termination of the insurance, are set out in the above opinion. It will be seen that the policy provided that no disability benefits would be paid unless proof of disability was made within one year from the date of the termination of the insurance, which provision this court held to be a condition precedent to the right of the insured to recover disability benefits under this policy. The cases cited and relied on by counsel for the defendant in error in their motion for rehearing are not contrary to but are in line with the ruling in this case. In *Harp* v. *Fireman's Fund Ins. Co.*, 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299), the policy provided that the insured should give written notice of proof of loss within sixty days after the fire, but there was no express provision in the policy that if proof of loss were not furnished within the sixty days the policy would be void and the rights of the insured forfeited. It was held there that the meaning of the provision therein referred to was that no suit could be commenced until there was a compliance with the requirements as to the furnishing of proof of loss, but that the policy would not be forfeited because of the failure to furnish proof of loss within the sixty days after the fire. It was further held: "Under this provision time is not of the essence of the contract as to the furnishing of proofs of loss. The policy does not provide that no suit can be maintained *unless* there is full compliance with its requirements." In *Southern Fire Ins. Co.* v. *Knight*, 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216), where a provision in a policy required the insured to furnish proofs of loss within sixty days after the fire, and also provided that no suit thereon should be brought unless commenced within twelve months after the fire it was held, "that if the insured furnished the required proofs of loss in time for at least sixty days to elapse between the date upon which they were furnished and the expiration of the twelve months limitation, the policy was not forfeited by a failure to furnish such proofs within sixty days after

the fire occurred." Time for filing the proof of disability was of the essence of the contract in the present case, under the terms of the insurance contract between the parties; because it was specifically provided that "no payment for total and permanent disability benefits shall be made unless written notice thereof has been presented to the company within one year after the termination of the insurance on any such disabled employee."

The motion for rehearing is denied.