35858. COOPER, by Next Friend, *v.* GLENS FALLS
INDEMNITY CO.

Decided November 7, 1955—Rehearing denied November 29, 1955.

128

*J. Millard Jackson, S. Gus Jones, Neal D. McKenney,* for plaintiff in error.

*Jones, Sparks, Benton & Cork,* contra.

NICHOLS, J. The defendant insurance company, in support of its general demurrer that the petition did not set forth a cause of action against it, argues that the policy contained a provision that all of the conditions precedent must have been complied with before an action would lie against it, and that the petition shows on its face that the provision that, "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative," was not complied with. The plaintiff contends that the statement of the adjuster quoted in the petition amounted to a waiver of the provision of the policy quoted above. Accordingly, the question here for decision is whether or not a claims adjuster for an insurance company by making the statement to the insured that "It [the insurance company] was in complete charge of the matter, that the said Pursers had nothing to worry about in connection with the injury and that they need not further concern themselves about the matter," would waive a requirement in the policy of insurance that all notices of suits, etc., be forwarded to the company immediately upon the receipt of same by the insured.

This court and the Supreme Court has on many occasions held that by a refusal to pay a claim on an insurance policy an insurance company thereby waives the necessity for compliance with the preliminary conditions of the policy. *German-American Ins. Co.* v. *Davidson,* 67 *Ga.* 11; *Merchants' & Mechanics' Ins. Co.* v. *Vining & Bro.,* 68 *Ga.* 197, 199; *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773, 775 (116 S. E. 922), and cases cited. Code § 56-831. These courts have just as consistently held that compliance with policy provisions with respect to notice and proof of loss are conditions precedent to recovery. *Graham* v. *Niagara Fire Ins. C.,* 106 *Ga.* 840 (32 S. E. 579); *Metropolitan*

*Life Ins. Co.* v. *Fields,* 53 *Ga. App.* 76 (184 S. E. 752), and cases cited.

Although, as set forth above, an adjuster can by his actions, in some cases waive the necessity for an insured to comply with certain conditions precedent to an action against the insurance company, none of these cases apply to the case here before the court. Construing the statement in the pleadings most strongly against the pleader, as must be done on demurrer, the statement attributed to the adjuster was nothing more than a few words of assurance that they (the Pursers) were covered by liability insurance, and that should any action be instigated against them the insurance company would defend such action under the provisions of the policy. The pleadings show that the provisions of the policy which must be complied with before an action can be brought against the insurance company were not complied with, and therefore, the trial court did not err in sustaining the general demurrer to the petition on the ground that the petition did not set forth a cause of action against the defendant.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*