36888. CHAMBERLIN COMPANY OF AMERICA v. MAYS.

DECIDED NOVEMBER 21, 1957—REHEARING DENIED
DECEMBER 11, 1957.

757

*Noah J. Stone, A. Mims Wilkinson, Jr.,* for plaintiff in error.
*Emory J. Kinard, J. Walter LeCraw,* contra.

QUILLIAN, J. We shall refer to the plaintiff in error as the defendant and the defendant in error as the plaintiff.

Grounds 4 and 5 of the motion for new trial complain that the judge charged the jury: "The court does not intend to intimate or express to you, by anything stated in the charge any opinion as to any disputed facts in the case, nor as to who should recover in the case; these questions being exclusively for you gentlemen to determine, except that the court charges you that the alleged levy of the execution, as shown by the evidence in the case, was illegal and the seizure of these items of personal property under levy and their removal from the place at which the levy was made was illegal, and acts which, in law, were wrongful insofar as the plaintiff is concerned, and that the defendant in this case is responsible and liable to the plaintiff in respect of such wrongful levy, seizure and removal of these three items of personal property thereunder."

The exception taken to the charge is that it in effect instructed the jury that the defendant was liable to the plaintiff for procuring and prosecuting a levy on her property without probable cause, when the issues should have been submitted to the jury as to whether the attorney who ordered and litigated the levy was authorized to represent the defendant in the proceedings, and as to whether the levy was in good faith and upon probable cause.

Without a conflict the evidence shows that an Atlanta collecting agency was employed by the defendant to collect a debt due it by E. L. Mays of Stockbridge, Georgia. The employment of the Atlanta agency was through the medium of a Detroit collecting agency empowered under the terms of its contract with the defendant to sue the claim, to engage the services of the Atlanta agency and to transmit to the latter the authority conferred upon it.

The Atlanta agency was vested with authority to retain a lawyer to handle the litigation necessary to collect the debt. This is true because the collecting agency could not institute a suit on behalf of the defendant. Actions in the courts must be brought by the plaintiff in person or through an attorney at law. Necessary for the purpose of bringing the suit was the employment of a lawyer. Applicable is the provision of Code § 4-301.

But it is immaterial whether the Atlanta agency was authorized to sue the claim, since it is conceded that it was empowered to collect it. "Where an agency is created for the performance of an act beneficial to the principal, all the usual modes and means of accomplishing the objects of the agency are included in its creation, unless the contrary clearly appears. Accordingly, where one holding a promissory note against another, with a claim on certain land as security, sends the note and papers evidencing her claim to a collecting agency, a power is created in the latter to procure the services of an attorney, if necessary, to collect the note and enforce the security." *Strong* v. *West*, 110 *Ga.* 382 (1) (35 S. E. 693).

The attorney who procured and prosecuted the levy and the owner of the Atlanta collecting agency both protested that he was retained merely as counsel for the agency. The assertion is not tenable. When a collecting agency employs a lawyer to handle the claim of a patron, the patron becomes the lawyer's client.

The attorney testified that he was given no directions when the collecting agency turned the debt due by Mays to the defendant for collection. When a lawyer is employed to collect a demand of his client, the employment involves authority to effect the collection through appropriate litigation of the claim. The evidence demanded the conclusion that the attorney who ordered and prosecuted the levy was fully authorized to represent the defendant. Having determined that the charge correctly instructed the jury that the defendant was liable for the acts of the attorney, we must now decide whether what he did was as a matter of law actionable. It is held in *Orr* v. *Floyd*, 95 *Ga. App.* 401, 405 (97 S. E. 2d 920): "Where one causes a levy to be made on the property in the possession of and belonging to a person not the defendant in fi. fa. without probable

cause, he is a trespasser even though the levy was directed by his attorney (*Atlantic Co.* v. *Farris,* 62 *Ga. App.* 212, 215 (1), 8 S. E. 2d 665), and if the attorney causes such levy to be made without probable cause, he is a joint trespasser with his client. *Williams* v. *Inman,* 1 *Ga. App.* 321 (1c) (57 S. E. 1009)."

The ingredients of a cause for malicious abuse of process is the procurement and prosecution of the process maliciously and without probable cause to the hurt of another. Both lack of probable cause and malice are essential elements. *Atlanta Hub Co.* v. *Bussey,* 93 *Ga. App.* 171, 177 (91 S. E. 2d 66); *Georgia Loan & Trust Co.* v. *Johnston,* 116 *Ga.* 628 (43 S. E. 27). But it is held in *Orr* v. *Floyd,* 95 *Ga. App.* 401 (3), supra: "Malice may be inferred from the want of probable cause or from a seizure made in a manner to indicate a wanton disregard of the rights of the true owner."

The uncontradicted evidence showed that the defendant's debtor, E. L. Mays, did not reside at the same address and in the apartment occupied by the plaintiff. The defendant's attorney went to the apartment and according to his testimony was advised by the maid that E. L. Mays would return in the evening. While there he espied certain articles of furniture in the apartment. The attorney made no further inquiry or investigation as to whom the articles belonged. There was available to him sources of information from which he could have ascertained who in fact owned the articles. However, he elected to rely upon his own assumption that E. L. Mays, his client's debtor, was the head of a household dwelling in the apartment he had visited, and the legal presumption that chattels found in a home are owned by the head of the household. The levy was ordered and made on the articles, which were not owned by E. L. Mays who did not reside in the apartment, but were the property of the plaintiff who lived in the apartment. On the next day the defendant's attorney was advised by the plaintiff's attorney of her ownership, and informed him that the chattels had been purchased by her from a local store; that the purchase had been made on credit and that the balance due the store was secured by a conditional-sale contract. The defendant's attorney refused to dismiss the levy, forced the plaintiff to file a claim, and give bond in order to repossess the chattels, and

continued to prosecute the levy until the plaintiff vindicated her title on the trial of the claim case.

Under the facts disclosed by the record it must be held that the finding was demanded that the levy was without probable cause, malicious and oppressive. The grounds show no error.

■ Ground 6 complains that the court charged the jury that the answer neither admitted nor denied certain allegations of the petition, when the allegations were in fact denied in the answer as amended. The judge instructed the jury that the averments referred to were denied by the amendment to the answer. The ground shows no inaccuracy or error in the charge.

■ Ground 7 complains that the court submitted the issue as to whether the plaintiff was entitled to recover damages for pain and suffering.

The exceptions to the charge were: (a) that the cause was not of a nature in which there could be a recovery for pain and suffering; (b) because there was no evidence that the plaintiff was caused physical pain by the act of the defendant or one for whose acts the defendant was liable.

The first exception is disposed of adversely to the defendant by the ruling made by this court on the previous appearance of the case here. *Chamberlin Company of America* v. *Mays*, 92 *Ga. App.* 173 (88 S. E. 2d 176).

The second exception is not well taken because there was ample proof that the plaintiff's health was impaired and she was caused physical pain by the wrong committed by the defendant.

■ Ground 8 asserts that for various reasons the court erred in submitting to the jury the issue as to whether the plaintiff was entitled to recover punitive damages. The specific criticisms made were: (a) that there was no evidence to warrant the charge; (b) that the charge was not authorized by the pleadings; (c) that the charge was confused and inappropriate; (d) that the charge failed to instruct the jury as to the burden of proof respecting the recovery of punitive damages; (e) that the charge as to the method of arriving at the amount or measuring punitive damages was incorrect.

The pleadings, according to the opinion of this court on the former appearance of the case here, set forth a cause for recovery

of punitive damages. The evidence authorized the finding that the defendant acted maliciously, oppressively, and without probable cause in ordering and prosecuting the wrongful levy on the plaintiff's chattels.

Subheads (a) and (b) show no error.

The charge was not inappropriate or confused, but was applicable to the issues of the case and a model of clarity. Subhead exception (c) shows no error.

There was no request to charge on the burden of proof, and, in the absence of a written request, it is not error for the court not to instruct the jury concerning the proof, or the preponderance of the evidence. *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (2) (64 S. E. 703); *Southern Ry. Co.* v. *Wilcox*, 59 *Ga. App.* 785 (2 S. E. 2d 225); *Jackson* v. *Sanders*, 199 *Ga.* 222, 228 (33 S. E. 2d 711, 159 A. L. R. 638); *Palmer* v. *Hinson*, 201 *Ga.* 654, 658 (40 S. E. 2d 526). Subhead exception (d) shows no error.

While the charge explicitly instructed the jury as to the manner of arriving at whether and in what amount punitive damages should be awarded, if it had failed to do so that imperfection would not have been properly reached by subhead exception (e) which failed to set out literally or in substance what the court should have charged. *Spence* v. *Morrow*, 128 *Ga.* 722 (1) (58 S. E. 356). Subhead (e) shows no error.

Grounds 9 and 10 object to the admission of documents vital to the issues of the case because they were irrelevant and not sufficiently identified. The evidence centered around the documents, they were relevant and definitely identified. Neither ground shows error.

■ Under the ruling made in the preceding divisions of the opinion there was no error in denying the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*