39182. EMPLOYEES ASSURANCE SOCIETY v. BUSH.

Decided January 9, 1962.

194

*Foley, Chappell, Young & Hollis, Howell Hollis,* for plaintiff in error.

*Dan S. Beeland,* contra.

FRANKUM, Judge.  In order to hold the insurer liable for damages under the policy, provisions of the policy place upon the insured the duty of complying with two conditions:  first, to notify the company of the accident, and second, to forward to the insurer every demand, notice, summons, or process received by him or his representative.  The purpose is to inform the insurer of the occurrence of the two events.  See *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (112 SE2d 194).

The plaintiff contends that the insured's notice of the collision to the company sufficiently complies with the second condition of the policy that the insured forward to the insurer process received by him.  We do not agree.  The accident and the filing of the suit against the insured are two separate events.  Notice of one event does not necessarily give notice of the second event, unless it can be said that the second event is a natural incident of the first.

In the instant case the insured testified that he gave actual notice of the suit brought against him to an agent of the insurer by showing the petition to R. M. Wall. R. M. Wall made an affidavit that he was not notified of such suit. A clear fact issue was presented for the jury, which cannot be determined on motion for a summary judgment. See *Caldwell v. Mayor &c. of Savannah*, 101 Ga. App. 683 (115 SE2d 403) ; *Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193).

The answer of the insurance company shows no facts which, in any way, infer that the company had knowledge of the suit brought by the plaintiff against the insured prior to the trial thereof.

The plaintiff contends that the defendant has waived the conditions of the policy and is estopped to assert them as a defense. Ordinarily, questions of waiver and estoppel are matters to be determined by a jury. We do not intimate that there are any facts before us to show a waiver or estoppel. See *New York Underwriters Ins. Co. v. Noles*, 101 Ga. App. 922 (115 SE2d 474).

The plaintiff contends that *Public Nat. Ins. Co. v. Wheat*, 100 Ga. App. 695, 700 supra, is controlling. However, in that case it was said: "The uncontradicted evidence in the case at bar discloses that the *insured gave the company actual notice of the pendency of these suits,* together with a copy of the pleadings therein, in ample time to allow it to participate in the defense." (Emphasis added). In the present case the defendant averred that it was never informed of the action brought by the plaintiff against the insured, and that the insured did not forward to the insurer the copy of the petition, process, or any other document relating to the action by the plaintiff against the insured. Thus, the *Wheat* case is distinguishable upon its facts.

The allegations of the answer presented an issuable defense. The evidence, being in conflict as to whether the insured notified the insurer that the suit was pending, presented an issue for the jury's determination. The court erred in sustaining the general demurrer to the defendant's answer and in sustaining the motion for summary judgment.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*