### 40794. COTTON STATES MUTUAL INSURANCE COMPANY v. MARTIN.

DECIDED SEPTEMBER 8, 1964—
REHEARING DENIED SEPTEMBER 21, 1964.

310

*Hatcher, Stubbs, Land & Rothschild, J. Rudolph Jones,* for plaintiff in error.

*Kent & Kearns, L. B. Kent,* contra.

EBERHARDT, Judge. As in any summary judgment case, our inquiry must be whether there remains any genuine issue of fact after consideration of the pleading and supporting evidence. *Code Ann.* § 110-1203. The allegations of both the petition and the answer must be taken as true in a summary judgment case unless the movant successfully pierces the allegations so as to show that no material issue of fact remains. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 742 (123 SE2d 179); *Spratlin v.*

*Manufacturers Acceptance Corp.*, 105 Ga. App. 463, 468 (125 SE2d 110); *Montgomery v. Pickle,* 108 Ga. App. 272 (132 SE2d 818); *Allen v. Safeco Ins. Co.,* 108 Ga. App. 278 (132 SE2d 859).

Plaintiff alleged that notice of the suit was given by the insured, which was denied by the company in its answer. We find nothing in the depositions and affidavits directly controverting this denial. See *Employees Assur. Society v. Bush,* 105 Ga. App. 190 (123 SE2d 908). Nor can we infer the notice, because our obligation in summary judgment cases is to construe the evidence in favor of the party opposing the motion and that party must be given the benefit of all reasonable doubts. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442); *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408).

Plaintiff contends that a letter written by counsel for Howard, who claims to be an additional insured under Miller's policy, addressed to the insurer's agent after suit had been filed against Howard sufficed to give the notice required by the policy provision and that since a copy of the letter was attached as an exhibit to the suit on the policy the denial of notice by the company is unavailing. We do not agree. The letter called upon the insurer to pay attorney's fees for defending the action and to extend coverage to Howard in the matter, but it gave no information as to the nature of the action, the process in connection therewith or whether service had been perfected, nor does it indicate that any copy of the petition and process was forwarded to the insurer as the policy required.

Having invoked the coverage of Miller's policy, Howard was bound by its terms, including the notice provisions. *Ericson v. Hill,* 109 Ga. App. 759 (1) (137 SE2d 374). He could not elect to come under the coverage portion of the agreement and reject other portions. The forwarding to the company of "every demand, notice, summons, or other process received by it or its representative" was a condition precedent to the company's liability. *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (1) (131 SE2d 790). The insurer's denial of the allegation that it had been given notice of the accident and of the subsequent suit raised the issue of whether Howard had complied with the policy provision.

312

The denial of allegations as to notice of the suit have not been pierced and there remains an issue of fact. Without determining whether there were other issues, we conclude that the grant of a summary judgment for plaintiff must be

*Reversed. Bell, P. J., and Jordan, J., concur.*