## 43157. HARDWARE MUTUAL CASUALTY COMPANY v. SCOTT.

ARGUED OCTOBER 3, 1967—DECIDED OCTOBER 30, 1967—REHEARING DENIED NOVEMBER 14, 1967—CERT. APPLIED FOR.

*James H. Weeks,* for appellant.

*E. T. Hendon, Jr.,* for appellee.

HALL, Judge. 1. The plaintiff contends that, since the garnishee's answer only pleaded that it was not indebted to the defendant insured, it was error for the trial court to consider evidence supporting the defense that the insurer was not liable because the insured had failed to comply with conditions of the policy. The facts showing the insurer was not liable on its contract with the insured existed at the time the insurer filed its answer and the evidence of these facts was not disputed and was proof that the insurer garnishee was not indebted to the defendant. The statutory provision (*Code* § 46-301) that when a garnishee is unable to answer in what sum he is indebted to the defendant or what property he has belonging to the defendant as required by the summons he shall so allege in his answer setting forth all the facts, and the case of *Estridge v. Janko,* 96 Ga. App. 246 (99 SE2d 682), do not apply in this situation when the garnishee has not become indebted to the defendant. We know of no other authority prohibiting the admission of the evidence complained of to prove an answer that the garnishee is not indebted.

2. It appears from the record that the defendant was insured by the garnishee under an automobile garage liability policy, and that on November 26, 1962, the plaintiff was injured by a fire that occurred in the defendant's garage. On December 4, 1962, the insurer's adjuster made a report of his investigation of the incident, including interviews with the insured, the plaintiff, and another witness. On July 25, 1963, a copy of the suit upon which the plaintiff later obtained a judgment was left at a residence at an address alleged in the petition as the defendant's residence, and a deputy sheriff made a return of service, showing service by leaving a copy at the defendant's most notorious place of abode. On October 1, 1964, the insurer received a notice to take the deposition of a doctor as a witness in the case. On October 2, 1964, the insurer sent the insured a telegram, to the same address stated in the plaintiff's petition as the defendant's residence, stating that it was important that he contact named representatives of the insurer, and giving

their telephone number. Western Union replied that the telegram was undelivered and "addressee is said to have moved from this address two years ago." On October 12, the insurer sent the insured a letter by certified mail, to the address shown in the petition, stating that the insurer reserved and did not waive any of its rights under the policy; the letter was returned, marked "unclaimed."

Representatives of the insured testified as to the attempts it had made to communicate with the insured in writing, and that they had also attempted unsuccessfully to contact the insured at the alleged residence after receiving the notice of deposition, and that they did not receive any papers notifying them of the suit or service.

The policy contained the following conditions: "If claim is made or action brought against the insured he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. . . The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury, property damage or loss with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. . . . No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy."

Whether the return of service on the insured could be successfully traversed and whether the judgment against him is subject to attack are not issues in the present case. There was no evidence that the insured complied with the condition that the insured "shall immediately forward to the company every demand, notice, summons or other process received by him or his representative," or with other conditions essential under the terms of the contract to action against the insurer. All the evidence was that the insured had not complied with this condition and therefore the insurer was not liable on the contract

640

or indebted to the insured. *Lamb v. Allstate Ins. Co.,* 103 Ga. App. 107 (118 SE2d 740); *Employees Assurance Society v. Bush,* 105 Ga. App. 190 (123 SE2d 908); *Sims TV, Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (131 SE2d 790); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311 (138 SE2d 433); *Elder Building Supply Co. v. Wall,* 114 Ga. App. 117, 119 (150 SE2d 350); *State Farm Mut. Ins. Co. v. Burden,* 115 Ga. App. 611, 616 (155 SE2d 426); Polito v. Galluzzo, 337 Mass. 360 (149 NE2d 375).

Since the evidence demanded the judgment in favor of the garnishee, the trial court erred in granting a new trial.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*