### 45406.   BALLEW v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

PANNELL, Judge. On August 25, 1964, Mr. Leonard Key was driving an automobile belonging to his son-in-law, Gordon Green, and was involved in an accident. At the time of the accident, Gordon Green had a policy of liability insurance with State Farm Mutual Automobile Insurance Co. which covered Mr. Key as an additional insured under the policy. The insurance company investigated the accident and attempted to make settlement, but was unsuccessful. Subsquently, on November 17, 1966, James E. Ballew, the appellant here, whose property was damaged as a result of the accident, brought an action against Mr. Key seeking recovery of damages therefor, which was served upon Mr. Key the next day. The suit papers were never forwarded to the insurance company by Mr. Key or anyone else, nor did Mr. Key or the named insured notify the insurance company, and no excuse was given for this failure other than the fact that, prior to the suit being filed, a lady in the insurance company office had told Mr. Key that the insurance

company would look after everything. In September of 1967, counsel for the appellant wrote Mr. Key and requested that he turn the petition and process served upon him over to the insurance company. A letter was also written to the local agent of the insurance company dated September 15, 1967, which was not received by the company until October 3, 1967, notifying the company of the institution of the suit against Mr. Key, which at that time was in default, and stating that if the company filed pleadings in defense of the suit, the plaintiff would waive the default. The company then immediately wrote a letter to the insured, under the non-waiver provisions of the policy, stating that action already taken by it in investigating the claim, and any subsequent action in attempting to settle and investigate, would not constitute a waiver of its right to claim non-compliance with the provisions of the policy. One of the conditions of the policy was as follows: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative." The insurance company did not respond by filing pleadings and the appellant proved his damages, took a judgment against Mr. Key, and then instituted an action against the insurance company, and on motion for summary judgment by the insurance company, the trial judge, after reviewing the affidavit and depositions disclosing substantially the facts stated above, granted the insurance company's motion for summary judgment, from which the appellant entered his appeal to this court. *Held:*

"Where the defendant insurance company issued to the plaintiff corporation a policy of automobile liability insurance which contained a condition that the insured should immediately forward to the company every demand, notice, summons, or other process received by it or its representative, on account of any occurrence covered by the policy, performance of the requirement on the part of the insured was a condition precedent to the company's liability. *Cooper v. Glens Falls Indem. Co.,* 93 Ga. App. 127 (91 SE2d 120); *Employees Assur. Soc. v. Bush,* 105 Ga. App. 190 (123 SE2d 908). The negligent failure of the insured to forward the process and copy of the petition

served on it relieved the insurance company of liability under the policy." *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (1) (131 SE2d 790). The above case was followed in *Cotton States Mutual Ins. Co. v. Martin,* 110 Ga. App. 309 (138 SE2d 433), in which it was held: "Plaintiff contends that a letter written by counsel for Howard, who claims to be an additional insured under Miller's policy, addressed to the insurer's agent after suit had been filed against Howard sufficed to give the notice required by the policy provision and that since a copy of the letter was attached as an exhibit to the suit on the policy the denial of notice by the company is unavailing. We do not agree. The letter called upon the insurer to pay attorney's fees for defending the action and to extend coverage to Howard in the matter, but it gave no information as to the nature of the action, the process in connection therewith or whether service had been perfected, nor does it indicate that any copy of the petition and process was forwarded to the insurer as the policy required.

"Having invoked the coverage of Miller's policy, Howard was bound by its terms, including the notice provisions. *Ericson v. Hill,* 109 Ga. App. 759 (1) (137 SE2d 374). He could not elect to come under the coverage portion of the agreement and reject other portions. The forwarding to the company of 'every demand, notice, summons, or other process received by it or its representative' was a condition precedent to the company's liability. *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (1) (131 SE2d 790)." The provision of the policy in the present case is almost identical with the provisions in the policies in the cited cases. If, as decided in these cases, the requirement as to delivering a copy of the pleadings and process was a *condition precedent* to liability of the insurer and a recovery under the policy, it is not necessary that the insurer show it has been prejudiced thereby. It follows, therefore, that the offer contained in the letter of counsel for appellant to open the default when the insurance company filed defensive pleadings is immaterial to the question. The trial judge did not err in granting summary judgment in favor of the defendant insurer.

While the writer of this opinion might be inclined to a contrary view were this a case of first impression as to whether or not a compliance with the provisions of the policy here ruled upon were a condition precedent to liability, I feel I am bound by the decisions cited.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
ARGUED JUNE 4, 1970—DECIDED SEPTEMBER 8, 1970.

*Mitchell & Mitchell, Coy H. Temples,* for appellant.
*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,* for appellee.