49186. WHITE et al. v. LIBERTY MUTUAL
INSURANCE COMPANY et al.

Evans, Judge.

In 1970, Tom White, an employee of United Parcel Service, was killed in an automobile-truck collision. His death arose out of and in the course of his employment. Agreement was made and approved by the Board of Workmen's Compensation to pay benefits to his widow and minor child.

Civil tort actions were filed; notice of subrogation rights was given by the workmen's compensation insurer; and these cases were settled for $135,000. (This litigation and settlement predates the repeal in 1972 of the subrogation statute as set forth in Code Ann. § 114-403 because the repeal did not become effective until July 1, 1972. Code Ann. § 102-111.) The sum of $4,220 was placed in escrow on March 9, 1972, as the amount of compensation paid; and a hearing was requested of the Board of Workmen's Compensation to determine whether and how much credit be allowed the insurer as reimbursement for sums paid.

A stipulation of fact as to the foregoing was entered by claimant and the insurer, which stipulation also contained copies of the letters of notification as to the claim of subrogation, which had been sent to tortfeasor, its agent, and the attorney for the claimant. It also included a copy of the escrow agreement executed by the parties.

Based on the stipulation of fact with exhibits attached, the board, on July 24, 1973, decided it was not authorized by law to direct reimbursement but that insurer was entitled to credit to the extent of any settlement received by the claimant. The award directed that all payments cease, and that the insurer could take credit against all future payments to the extent of the net settlement with the third party tortfeasor.

Claimant and insurer both appealed to the superior court, but the insurer voluntarily dismissed its appeal. The court, after a hearing, affirmed the award. Claimant appeals. *Held:*

1. The stipulation before the board shows written notice was given to the person contended to be liable and to those entitled to recover on account of the employee's death. *Hartford Accident &c. Co. v. Tolison,* 118 Ga. App. 660, 661 (165 SE2d 192).

While the notice was to claimant's attorney, such notice is notice to the client employing the attorney, and knowledge of the attorney is knowledge of the client. *Citizens Bank of Vidalia v. C. & S. Bank,* 160 Ga. 109 (4a) (127 SE 219); *Brown v. Travelers Indemnity Co.,* 124 Ga. App. 542 (184 SE2d 504).

2. The stipulation shows that written notice of the subrogation rights of the insurer was sent to all parties concerned. Said notice was in accordance with the subrogation statute in effect at that time. The insurer was entitled to subrogation rights under the existing law. The board had evidence before it sufficient to support its award, which award ordered that payments cease and that the insurer take credit for payments made against all future compensation to claimant to the extent of payments received from the tortfeasor. *Fireman's Fund Ins. Co. v. Crowder,* 123 Ga. App. 469 (3) (181 SE2d 530). The judgment of the lower court was correct.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED APRIL 4, 1974 — DECIDED APRIL 19, 1974.

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellees.