## 49487. BITUMINOUS CASUALTY CORPORATION v. J. B. FORREST & SONS, INC. et al.

EBERHARDT, Presiding Judge.

Bituminous Casualty Corporation issued a policy of

liability insurance to J. B. Forrest & Sons, Inc. An alleged employee of Forrest was involved in an accident on February 23, 1973, resulting in injuries to a Mrs. Hazel Smith. An attorney for Mrs. Smith sent a letter to Forrest on June 18, 1973, stating that he represented Mrs. Smith, the date and place of the accident and asking for information concerning the accident. The letter also asked Forrest to turn the matter over to his insurance carrier if he had liability coverage. A day or two later, Forrest communicated with H. D. Groover of Groover-Mitchell Insurance Agency, the agent for Bituminous, discussing the accident for the first time. Groover wrote a letter to Mrs. Smith's attorney, acknowledging his letter, but no further contact was made among the parties until August 21, 1973. On that date Mrs. Smith filed a complaint against Forrest and others and served summons on Forrest. On August 22, 1973, Forrest commenced bankruptcy proceedings and turned Mrs. Smith's complaint over to an attorney who was handling his bankruptcy. This attorney filed a plea for stay on account of bankruptcy on August 28, 1973, and answered the complaint on August 30, 1973.

Neither Bituminous nor its agent Groover was made aware of the lawsuit having been filed against their insured, nor of the defensive pleadings having been filed. On January 11, 1974, the trustee in bankruptcy for Forrest wrote a letter to Groover (received by him on January 12, 1974) notifying him for the first time of the pendency of the lawsuit and attaching copies of the pleadings. The letter and pleadings were forwarded by Groover to a Bituminous claims representative who received them, on January 15, 1974 and thus its first notice of the pendency of the suit.

Bituminous filed for declaratory judgment on March 6, 1974 seeking a determination as to its liability to defend under the policy. After hearing testimony and arguments, the trial judge, without a jury, made findings (1) that Bituminous issued a liability insurance policy to Forrest, (2) that Bituminous received notice of the accident, through its agent Groover, and, (3) that Bituminous received summons and suit of Hazel Smith

on January 11, 1974.

The trial judge then entered conclusions of law that Bituminous was not entitled to a declaratory judgment and was bound by the insurance policy to defend Forrest and to pay any judgment rendered against Forrest in favor of Smith.

The pertinent portions of the insurance contract issued by Bituminous are:

"4. Insured's Duties in the Event of Occurrence, Claim or Suit: (a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. . . (b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. (c) The insured shall cooperate with the company . . .

"5. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy . . ."

Bituminous contends that the trial court erred in finding that it was required to defend under its insurance contract because of failure of Forrest to comply with paragraphs 4(a), in that he failed to notify the company of the accident; of 4(b), in that he failed to immediately forward the summons to the company; and of 4(c), in that he failed to cooperate with the company. *Held:*

There are two reasons why we deem a reversal proper.

1. It is to be noted that the accident which precipitated the lawsuit occurred February 23, 1973. *No notice, written or oral, of the occurrence was given to the insurer or to its agent until June 19 or 20, 1973 — some four months later.*

The insured was bound by the contract provisions of the policy to give "written notice containing particulars sufficient to identify the insured and also reasonably

obtainable information with respect to the time, place and circumstances, and the names and addresses of the injured [if any], and of available witnesses," and this he was required to do "as soon as practicable." The purpose of this policy requirement is obvious: to enable the insurer to begin immediately an investigation of the facts and circumstances for determining whether liability might be present and whether a settlement of the claim should be attempted; to get the facts while they were fresh and available in the minds of the parties and such witnesses as might be available; to obtain pictures, diagrams, etc. which might assist in showing how the occurrence happened and the extent of any physical damage done. We all know that these matters have a way of disappearing and simply becoming unavailable with the passage of time, and often witnesses may disappear by moving away, or the status of damaged property may be changed within very short periods of time.

While the attorney's letter of June 18, 1973 may have included sufficient data to serve as a notice of the occurrence, it is inescapable that the delay from date of the occurrence on February 23 to the time the letter was delivered to the insurer's agent, about June 20, cannot be held, as a matter of law, to be reasonable promptness in the giving of notice. This is particularly true in view of the fact that during that period the insured did absolutely nothing and made absolutely no effort to give the notice. Nor has he attempted to show anything that prevented his acting promptly.

Even if a factual issue were raised as to whether the notice met the test of "as soon as practicable" (see *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 196 SE2d 167; *Edwards v. Fidelity & Cas. Co. of N. Y.,* 129 Ga. App. 306, 199 SE2d 570), the trial court has made no findings of fact on that issue, and these, if made, should include facts which are sufficient to excuse the insured from sooner acting in giving notice. That could not include his conclusion that he was free of fault and that there was no liability to the other party. That is the very issue which the company must have reasonable opportunity to investigate with promptness, and which requires a prompt notice of the occurrence. If the insured elects to

rest on his own conclusion of non-liability and do nothing about the giving of notice, he violates his contractual obligation and waives his right to have the insurer defend against a claim that may be made at some later time.

Nothing in this record indicates that the company has waived its right to have the notice of the occurrence from its insured. It is made a condition precedent to the arising of any liability on the part of the insurer, and that is a substantial right of defense which the insurer is entitled to raise and have adjudicated under the facts in a declaratory judgment action. See and compare: *Bailey v. First National Fire Ins. Co.,* 18 Ga. App. 213 (1a) (89 SE 80); *Metropolitan Life Ins. Co. v. Fields,* 53 Ga. App. 76 (1) (184 SE 752); *Employees Assurance Society v. Bush,* 105 Ga. App. 190 (123 SE2d 908); *Continental Ins. Co. v. Anderson,* 107 Ga. 541 (2) (33 SE 887); *Stubbs v. State Farm Mutual Auto. Ins. Co.,* 120 Ga. App. 750 (1) (172 SE2d 441); *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281, 284 (187 SE2d 312).

Whether the notice, when finally given, was sufficient to meet the policy requirements is a matter for the court, and there is no finding on the matter. *Public National Ins. Co. v. Wheat,* 100 Ga. App. 695 (9) (112 SE2d 194).

Without a finding, supported by facts, that the insured did give notice of the occurrence, as required by the policy provisions in Paragraph 4(a), or that it was waived, the conclusion that Bituminous is bound is without foundation and is error.

2. We find error in that the trial court failed to make sufficient findings as to compliance with Paragraph 4 (b) of the policy upon which to base a conclusion that the insurer is bound. The trial judge found that Bituminous received the summons on January 11, 1974, but he did not find that such receipt was timely under the policy provisions, nor did he find the existence of justifying facts for excusing the delay in forwarding the suit papers to the insurer. Without so finding, the conclusion that Bituminous is bound is without foundation.

Paragraph 4(b) of the insurance policy requires that the insured ". . . immediately forward to the company

every . . . summons." "Immediately" has been construed in many cases to mean with reasonable diligence and within a reasonable length of time in view of attending circumstances of each particular case. See, *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471 (199 SE2d 852); M.F.A. Mutual Ins. Co. v. Mullin (D. C. Ark.) 156 FSupp. 445; Northwestern Mutual Ins. Co. v. Independence Mut. Ins. Co. (Mo. App.) 319 SW2d 898. See also cases compiled in Annot., 18 ALR2d 443, § 14 (1951) (Supp. Later Case Service, 1973). Cf. *Buchanan v. Huson,* 39 Ga. App. 734, 736 (148 SE 345). In determining what is reasonable diligence and reasonable time the courts will examine the insured's explanation for delay in forwarding the summons. See *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556, 563 (177 SE2d 819); *H. Y. Akers & Sons v. St. Louis Fire,* 120 Ga. App. 800 (172 SE2d 355); 8 Appleman, Insurance Law, § 4741 (1942). "[I]n considering the question of the timeliness of notice, regard is to be had for all the surrounding facts and circumstances in the case which may be relevant to the question of whether there was a reasonable excuse for the insured's noncompliance, or delay in compliance, with the exact condition of his policy; and if such a reasonable and valid excuse appears, then, absent a clear and unmistakable provision for forfeiture upon the insured's non-observance of the letter of the particular requirement, the company will not be entitled to avoid liability. . . [Cits.]" Dixon v. U. S. Fidelity &c. Co. (Mo. App.) 155 SW2d 313, 317.

Here there is no finding by the trial court of any circumstance or excuse that would restore the timeliness of the forwarding. There is colloquy in the record that the trial judge felt that the insured's turning the summons over to his attorney was "the normal thing to do," but this is not a finding of fact. If there was unexcusable delay by his attorney in forwarding the papers the insured is chargeable with his attorney's failure to act with promptness. *Williams v. Inman,* 1 Ga. App. 321 (57 SE 1009); *Jones v. Lamon,* 92 Ga. 529 (18 SE 423); *Atlantic Co. v. Farris,* 62 Ga. App. 212, 215 (1) (8 SE2d 665). The attorney is the client's agent, and the principal must answer for all defaults of his agent which occur within

the scope of the agency. *Chamberlin Co. of America v. Mays,* 96 Ga. App. 755 (101 SE2d 728); *White v. Liberty Mutual Ins. Co.,* 131 Ga. App. 630 (1) (206 SE2d 576).

"The statute [Ga. L. 1969, p. 645, as amended, Ga. L. 1970, p. 170 (Code Ann. § 81A-152(a))] explicitly requires the findings and 'Where the trial court fails to make findings, *or to find on a material issue,* and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made.' 5A Moore, Federal Practice Par. 2718, 52.06[2], (2d Ed. 1953). [cases cited]." *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154). (Emphasis supplied.)

There are several cases which have found non-compliance under circumstances similar to those presented in the present case. See e. g., *Edwards v. Fidelity & Cas. Co. of N. Y.,* 129 Ga. App. 306, supra; *Ballew v. State Farm Mut. Auto. Ins. Co.,* 122 Ga. App. 417 (177 SE2d 172); *Hardware Mutual Casualty Co. v. Scott,* 116 Ga. App. 637 (158 SE2d 275); *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (131 SE2d 790); *Cooper v. Glens Falls Indemnity Co.,* 93 Ga. App. 127 (91 SE2d 120). However, three of these decisions are not based on the reasonableness of the insured's explanation of the delay. The two cases that do discuss the insured's explanation (*Edwards,* supra, where the insured did not notify the insurer because of the trivial nature of the accident and the unreliability of the source of information, and *Cooper* supra, where the insurer's conduct nearly amounted to waiver) found in favor of the insurer.

3. The trial court need not find, nor should it consider, the prejudice to the insurer, if any, that may have resulted from the insured's delay. We have held that the question of prejudice is not a fact question where the insurance policy makes the forwarding of summons a condition precedent, as in the present case. *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556, supra.

*Judgment reversed and remanded with direction that the trial judge vacate the judgment, prepare findings in accordance with above and enter a new judgment thereon, after which the losing party shall be free to*

*appeal the decision if he so wishes. Bell, C. J., Pannell, P. J., Quillian, Clark, Stolz and Webb, JJ., concur. Deen and Evans, JJ., dissent.*

ARGUED JUNE 26, 1974 — DECIDED SEPTEMBER 25, 1974.

*Grogan, Jones & Layfield, Milton Jones,* for appellant.

*L. B. Kent,* for appellees.

DEEN, Judge, dissenting.

A collision involving a J. B. Forrest & Sons, Inc. vehicle took place on February 23, 1973. On June 18, 1973, plaintiff Hazel Smith's lawyer wrote the insured about the incident, inquiring for further information and whether they wished to settle, and stating in part: "If you have liability insurance, please turn this matter over to your insurance carrier so that I can deal directly with them and minimize further inconvenience to you." Forrest immediately gave the letter to Groover, the local agent representing the insurer. That Groover is such agent is the subject of a stipulation in this case. (R., 45).

On August 21, 1973, the insured was served with suit papers by Mrs. Smith's lawyer. Its bankruptcy petition was filed the following day, the suit papers were turned over to the Trustee in Bankruptcy, and a stay order was entered up in the tort action. Nothing further happened until January 11, 1974, when the insurer received a letter from the Trustee in Bankruptcy containing the suit papers and filed this declaratory judgment action.

The insurer's agent Groover further testified (R-44) that he received the letter from Hazel Smith's lawyer which was promptly forwarded by the insured, and that he advised the lawyer by letter "that I had been unsuccessful in reaching him by telephone and asked him to call me at his convenience." Thus, Groover as agent of the insurer did receive written notice of the claim and did take action thereon on behalf of the insurer. If, as it now appears, he failed to put a claims adjuster on the trail, he cannot blame the insured for this. Notice was in fact promptly given to the company, and the fact is that

the company simply took no further action in the matter. Proper notice was given. *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (2) (112 SE2d 194).

At the time the suit papers were served, the insured was in the process of filing a bankruptcy proceeding, and these papers and others were properly turned over to the trustee, whose job it was to take over the management of the bankrupt's affairs. While it is true that the trustee did not notify the insurer for some time of the actual lawsuit, he did obtain a stay of proceedings, and the insurer's position was no better and no worse in January, 1974, than it had been the previous August.

Now, the majority opinion in effect reflects that under these circumstances the denial of the insurer's petition for declaratory judgment in its favor on the ground of lack of notice is authorized by the evidence, but still the majority reverses because the trial court in the declaratory judgment action *made no express finding* that the delay in notice of suit papers was excusable so far as the insured was concerned. The judgment itself is such a finding, because had the trial court not so concluded (and I personally do not see how he could have reached any other conclusion) he would necessarily have had to grant the declaratory judgment.

I respectfully dissent from the order of remand for further findings.

I am authorized to state that Judge Evans concurs in this dissent.