Otto Patton, Appellee, v. Washington Insurance Exchange and Suburban Auto Insurance Company, Appellants. Mary Doubet Cassell, Administratrix of the Estate of Bruce Bair, Deceased, Appellee.

### Gen. No. 9,107.

Opinion filed January 18, 1937. Rehearing denied February 20, 1937.

CLARENCE W. HEYL, of Peoria, for appellants.

L. O. EAGLETON and GEORGE W. HUNT, both of Peoria, for appellee Otto Patton; WILLIAM L. EAGLETON, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

This appeal involves a creditor's bill brought by Otto Patton, complainant-appellee. against the Washington Insurance Exchange, Suburban Auto Insurance Company, and Bruce Bair as defendants. The original bill was filed on February 18, 1927, and a decree entered by the circuit court of Peoria county, in favor of the plaintiff on April 21, 1936. The complaint is in the usual form of creditor's bill, alleging that on November 3, 1926, the plaintiff recovered a judgment against Bruce Bair for the sum of $4,000 and cost of suit; that the same was for a personal injury received by Patton in a collision between the cars of the plaintiff and said Bruce Bair; that an execution was issued on said judgment; that the sheriff returned the same indorsed, "No property found"; that the Washington Insurance Exchange had in its possession, or under its control, some evidence of indebtedness or insurance policy or other chose in action; that the complainant was injured as the result of the negligence of Bruce Bair, one of the defendants; that at the time there was a contract of indemnity liability insurance in force, whereby the Washington Insurance Exchange became liable for all, or some part of the amount for said damages. The bill prayed for discovery and for judgment against the defendant in favor of the plaintiff.

The Washington Insurance Exchange filed its answer to the complaint, in which every allegation in the bill was denied, and specifically that the Washington Insurance Exchange had in its possession, or under its control, any assets, property or choses in action belonging to Bruce Bair. To this answer, the complainant filed a replication. Before the case was tried, Bruce Bair died intestate, and Mary Doubet Cassell was appointed administratrix for his estate. She filed

an answer, admitting certain allegations in the bill of complaint, and a replication was filed to this answer.

During the course of the proceedings, an amended and supplemental bill was filed by the complainant, making the Suburban Auto Insurance Company defendant. It was alleged that the Washington Insurance Exchange had entered into an insurance agreement with the subscribers of the Suburban Auto Insurance Underwriters, in which they assumed all risks and liability on policies of the Washington Insurance Exchange.

The Washington Insurance Exchange and the Suburban Auto Insurance Company filed their answer to the amended and supplemental bill, in which they admitted the reinsurance agreement, but both denied there was any liability against them, or either of them by virtue of the claim of the complainant, as set forth in his original bill.

The case was referred to the master in chancery on the 14th day of February, 1929, and the report was filed on March 26, 1934. The master found the equity in favor of the complainant and recommended a decree in conformity with his findings. Objections were filed to the master's report, which were overruled. The objections were ordered to stand as exceptions in the trial court, and the same were overruled, and a decree entered in favor of the complainant in the sum of $5,890 and costs of the suit assessed against the defendants.

It is first insisted by the appellants that the trial court erred in not finding that the Washington Insurance Company had in good faith withdrawn from the defense of the case of Otto Patton against Bruce Bair, when the said Bruce Bair had failed to co-operate with the insurance company in defense of the suit, as required by said Bair in the policy of insurance.

The records in this case show that Heyl and Heyl, attorneys of record in the *Patton v. Bair* case, with-

drew from the case and had nothing further to do with it, and a default judgment was taken against Bair in the personal injury suit; that Bair was not present on the day of the hearing. It seems to us the only question pertinent to the issues in this is, did the defendant Insurance Company, in good faith direct their attorneys, Heyl and Heyl, to withdraw from the case?

It is insisted by the appellees that the court erred in admitting the evidence, tending to show the circumstances surrounding the withdrawal of Heyl and Heyl from the personal injury suit. We think the court properly admitted this evidence, as anything that was said and done between the parties would be permissible to show the good faith of the insurance company in withdrawing from the case. There can be no question but that Heyl and Heyl wrote their client Bair that he should, in pursuance of the terms of the policy, come to their office on October 18, 1926, to have a conference with them and to have his deposition taken. The notice further stated, the hearing was set for October 25, 1926; that the case would have to go to trial and the attorneys could not proceed without him. This notice was sent by registered mail, and the return receipt shows that it was received on October 15, 1926, by Mrs. Bruce W. Bair. There is no actual proof that Bruce Bair received this notice, but this shows that Heyl and Heyl, as such attorneys, were in good faith, attempting to defend the suit and they desired Bair's co-operation. Whether Bair did, or did not, receive this notice, seems to us to be unimportant for it was Bair's duty to keep in touch with his attorneys in regard to his own lawsuit. The evidence clearly shows that he neither appeared to take his deposition, nor on the day the case was set for hearing, nor when it was finally heard.

Paragraph 3 of the policy introduced in evidence contained numerous things that the insured must do in

case of an accident, one is: "It is expressly understood and agreed that failure on the part of the insured to comply with any one or all of the said provisions herein contained within the time provided, shall render such claim null and void." Paragraph 4 provides, "The assured when requested by the Exchange shall aid in effecting settlements, securing evidence, the attendance of witnesses and in prosecuting appeals. . . ." The language in the policy in question was the same as in the policy in the case of *Schneider v. Autoist Mut. Ins. Co.*, 346 Ill. 137. The facts in the *Schneider* case and the principles of law involved are the same as in the case we are now considering. In the *Schneider* case, the evidence of the refusal of the insured to co-operate with the insurance company in the trial, was clearer and stronger than the present case, but the principle involved was the same and we think the law, as announced by the Supreme Court in that case, is conclusive in this. The court after discussing the facts says: "This is a garnishment proceeding, and it is elementary that plaintiff in error could not recover against defendant in error, if Allen could not do so. In the instant case the policy provided that the assured, Allen, should aid the insurance company in securing evidence and in procuring the attendance of witnesses in any claim against him which was covered by the policy. The evidence shows that the only witness who knew about the accident was the assured, Allen, and he refused to go and testify on the trial. He was notified upon such refusal on two occasions that the insurance company would not defend and that it would withdraw from the case. There was no duty resting upon the insurance company to cancel the policy, as it might cover other accidents during its life and it had not expired at the time. The condition of the policy requiring co-operation on the part of the assured in the defense of the action brought against

him by the injured party is one of great importance. Without the presence of the assured and his aid in preparing the case for trial the insurance company is handicapped and such lack of co-operation must result in making the action incapable of defense. The action of Allen in refusing to go to New York on the trial of the case there prevented the insurance company from making any defense. Obviously he could not recover in a suit on the policy, and neither can the plaintiff here.''

There are other assignments of error in the case, but it is our opinion that the complainants have failed to show that they have a just claim against the insurance company and we have considered only the one assignment of error.

The decree of the circuit court of Peoria county should be and is hereby reversed.

*Decree reversed.*