44816.   H. Y. AKERS & SONS, INC. v. ST. LOUIS
FIRE & MARINE INSURANCE COMPANY.

ARGUED OCTOBER 6, 1969—DECIDED NOVEMBER 3, 1969—
REHEARING DENIED DECEMBER 11, 1969.

802

*Hudson & Stula, Jim Hudson,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis,* for appellee.

EBERHARDT, Judge. █ We have recognized the obligation of an insured to co-operate under this or similar provisions in liability policies, and the insurer's right to decline to make a defense and to claim its relief of obligation to make payment when the insured fails to cooperate in *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (131 SE2d 790); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309 (138 SE2d 433); *State Farm Mut. Auto. Ins. Co. v. Wendler,* 115 Ga. App. 452 (154 SE2d 772); *State Farm Mut. Auto. Ins. Co. v. Burden,* 115 Ga. App. 611 (155 SE2d 426); *Hardware Mut. Cas. Co. v. Scott,* 116 Ga. App. 637 (158 SE2d 275); *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658 (158 SE2d 278); *State Farm Mut. Auto Ins. Co. v. Wendler,* 117 Ga. App. 227 (160 SE2d 256), and perhaps in others. The nonco-operation must, of course, have been material—not merely technical or inconsequential in nature.

Whether there has been a breach of the co-operation clause is sometimes a question of fact for resolution by the jury and at other times a question of law. If there was a factual issue here the judge sitting as judge and jury has resolved it. It is, then, a question of whether there was *any* evidence to authorize the judgment. We conclude that there was ample evidence.

The co-operation clause is a material condition of a liability policy and a breach of it in any material respect relieves the insurer of liability. The voluntary and unexcused failure of an insured to attend a trial, after notice or request to do so, upon a claim covered by his policy of insurance is such a breach of the clause.[1] It has been held that his failure to attend the trial, after notice or request to attend, and aid in the defense is, per se, prejudicial, and one who would seek to enforce the contract for his benefit must show that he has performed all conditions on his part required to be performed as a condition precedent to his right. Hynding v. Home Acc. Ins. Co., 214 Cal. 743 (7 P2d 999, 85 ALR 13); Potomac Ins. Co. v. Stanley, (7 Cir.) 281 F2d 775; Royal Indem. Co. v. Rexford, (5 Cir.) 197 F2d 83.

"Every person familiar with the trial of cases by jury knows that the case of an individual defendant is seriously, if not hopelessly, prejudiced by his absence from the trial." Glens Falls Indemnity Co. v. Keliher, 88 N. H. 253, 260 (187 A 473). "His failure to be present in defense of the claim can have an intangible effect upon the jury both as to the question of liability and the amount of the verdict, the net effect of which is difficult to measure. Unexpected developments in the plaintiff's evidence might be offset by an explanation on the part of the insured." Beam v. State Farm Mut. Auto. Ins. Co., (6th Cir.) 269 F2d 151, 154. This is particularly true where, as here, the insured is a material witness as to the issues, or some of them.

■ The insured is obligated to assist in good faith in making every legitimate defense to a suit for damages. If he refuses to give the information which the insurer needs in establishing

---

[1]Of course it must go without saying that no court will countenance a conspiracy between the insured and the insurer to bring about the insured's breach so that the insurer will be relieved of liability, nor will it countenance a conspiracy between the insured and the claimant to deprive the insured of a fair trial by arranging the insured's absence from the trial to deprive the defense of an opportunity to present material evidence or to rebut evidence, resulting in an unjustified verdict which the company must pay. But none of either appears in this case.

the defense, or absents himself so that his testimony at the trial cannot be obtained, recovery on the policy should be denied, if the insurer acts with good faith and diligence. The judgment creditor, who sues on a policy indemnifying the insured against claims for damages, stands in the shoes of the insured and is chargeable, like the insured, with any breach of conditions on which liability depended. Indemnity Ins. Co. of N. A. v. Smith, 197 Md. 160 (78 A2d 461). The rights of a third party can rise no higher than and are dependent upon the rights of the insured. Royal Indem. Co. v. Watson, (5 Cir.) 61 F2d 614.

"Having elected to seek the fruits of the policy, he is bound by the limitations and conditions thereof." *American Ins. Co. v. Hattaway,* 194 Ga. 15, 19 (20 SE2d 406). Accord: *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41, supra; *Cotton State Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, supra.

■ In the usual case the question as to whether there has been an unjustified refusal to attend a trial is one of fact for the jury, but if the evidence is without dispute and clearly shows a failure to co-operate, a directed verdict should be granted for the insurer. Maryland Cas. Co. v. Hallatt, (5 Cir.). 295 F2d 64. The insurer has the burden of showing a violation of the clause by the insured, and he who seeks to enforce a claim against the insurer under the policy has the burden of refuting the affirmative defense, once prima facie made, by evidence of justification or excuse. Hartford Acc. & Ind. Co. v. Partridge, 183 Tenn. 310 (192 SW2d 701); Shalita v. American Motorists Ins. Co., 266 App. Div. 131 (41 NYS2d 507); Pawlik v. State Farm Mut. Auto. Ins. Co., (7 Cir.) 302 F2d 255. To show a prima facie breach the insurer is required to do no more than show that it exercised good faith and diligence in an effort to procure the attendance of the insured at the trial and that he did not attend. Cf. *Hardware Mut. Cas. Co. v. Scott,* 116 Ga. App. 637, 639, supra, where efforts to communicate with the insured were similar to those here. It is not required to anticipate and negate all of the excuses and reasons that might justify his nonattendance. Maryland Cas. Co. v. Hallatt, (5 Cir.) 295 F2d 64, supra. The insured is under a duty to keep up with his case, and where the attorneys show a reason-

able effort to notify him, the fact that they are unable to show actual delivery of the notice to him does not avoid the showing of a breach. Patton v. Washington Ins. Exchange, 288 Ill. App. 594 (6 NE2d 472). He has a duty to reply to communications addressed to him by or on behalf of the company relative to the subject-matter. *State Farm Mut. Auto. Ins. Co. v. Burden,* 115 Ga. App. 611, 616 (155 SE2d 426).

The efforts of his insurer to get the insured's co-operation here exceed those appearing in Pawlik v. State Farm Mut. Auto. Ins. Co., (7 Cir.) 302 F2d 255, supra (and other cases) where it was held that failure to appear at the trial after two notices or requests to him to attend released the company from any obligation to defend or liability for the judgment obtained. By the contract terms the insured's duty to co-operate does not end with the giving of notice of the collision and in full the facts relative thereto which he may know or ascertain, the forwarding of demands or copies of suits which may be served upon him to the company (as to which see *Ericson v. Hill,* 109 Ga. App. 759 (1) (137 SE2d 374); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, supra; *Hardware Mut. Cas. Co. v. Scott,* 116 Ga. App. 637, supra), and the giving of his deposition if called upon to do so; he is obligated to assist counsel employed to defend the action in securing evidence, the attendance of witnesses, and generally in making preparation for trial, and to attend hearings and trial of the case when notified or requested so to do.

Where, as here, the stipulated or the undisputed facts demand a finding that the insured has breached the co-operation agreement in a material respect and there is nothing shown by way of justification for the breach, the court should direct a verdict or enter judgment for the defendant.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*