74601. ST. PAUL FIRE & MARINE INSURANCE COMPANY
v. ALBANY EMERGENCY CENTER, INC. et al.
(361 SE2d 687)

BENHAM, Judge.

Appellant insurance company issued a policy of liability insurance covering appellee Albany Emergency Center, several of its employees, and Dr. George Rawlins. After appellees Addison, Whiddon, and Dyson filed suits alleging negligence on the part of Albany Emergency Center, appellant filed this action for declaratory judgment, seeking a ruling that the non-cooperation of its insured, Dr. Rawlins, relieved appellant of its contractual duty to defend the malpractice actions filed against its other insured, the emergency center. The trial court granted the motion for summary judgment filed by appellees Addison, Whiddon, and Dyson, and denied that of appellant. This ap-

peal followed.

The policy of liability insurance issued by appellant contained a clause requiring the cooperation of the insured in defending a suit: "If there's an accident or incident covered under this policy you must . . . [c]ooperate and assist us in securing and giving evidence, attending hearings and trials, and obtaining the attendance of witnesses." Cooperation clauses have been held to be valid in Georgia, and the failure of an insured or one who claims the benefit of insurance under the policy to cooperate may defeat recovery on the policy. *State Farm &c. Ins. Co. v. Wendler*, 115 Ga. App. 452, 455 (154 SE2d 772) (1967). See also *H. Y. Akers & Sons v. St. Louis Fire &c. Ins. Co.*, 120 Ga. App. 800 (1) (172 SE2d 355) (1969). It is undisputed in the case at bar that Dr. Rawlins, named with the Albany Emergency Center as an insured in the liability policy issued by appellant, did not cooperate with appellant in its investigations of the three incidents from which the various lawsuits sprang. In point of fact, appellant was not able to contact Dr. Rawlins, despite investigative efforts to locate him. It is also undisputed that Dr. Rawlins was not named as a defendant in any of the negligence actions filed against the center. Appellant maintains that the non-cooperation of Dr. Rawlins, an insured, relieves appellant of its contractual duty to defend Albany Emergency Center, another insured. We disagree.

In essence, the question before this court is: Whose cooperation is mandated by a cooperation clause in a policy of liability insurance? Our conclusion is that cooperation is required of anyone who reaps the benefit from the shouldering of the defense by the insurer, that is, one named as a defendant in a lawsuit or one who claims the benefit of insurance under the policy. A person driving an insured vehicle of another with permission, thereby becoming an additional insured under the terms of the insurance policy and entitled to insurance coverage, "owes the duty to cooperate with the insurance company to the same extent and in the same degree as would the named insured had he alone been involved in a collision. [Cits.]" *State Farm &c. Ins. Co. v. Burden*, 115 Ga. App. 611, 615 (155 SE2d 426) (1967). The insured has an obligation to cooperate with the insurer regarding claims or suits brought against *him*. See *St. Paul Fire &c. Ins. Co. v. Gordon*, 116 Ga. App. 658, 660 (158 SE2d 278) (1967). Although Dr. Rawlins was an insured under the liability insurance policy issued by appellant, he did not stand to reap any benefit from the assumption of the defense by appellant since Dr. Rawlins was not a defendant in the underlying actions. Another of appellant's insureds, the Albany Emergency Center, was named as a defendant in each of the three negligence actions, and it was because of the emergency center's involvement that appellant undertook the defense of the actions. Appellant's position would require one who claims the benefit of insurance under

the policy to secure the cooperation of all those named in a liability insurance policy, regardless of whether they were involved in the underlying tort, or suffer the removal of the insurer from the defense of the lawsuit. A cooperation clause has never been read so broadly as to require cooperation of anyone named in a policy of insurance issued by the insurer, regardless of the holder's relationship to the lawsuit, and we decline to do so now.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I agree with the majority's affirmance of the trial court's determination that there has not been a breach of the cooperation clause of the insurance policies so as to relieve the insurer from defending the action. However, I cannot agree with the narrow scope which the majority ascribes to an insurance policy cooperation clause in connection with a case where one of the named insureds totally refuses to cooperate with the insurer. The majority would appear to limit in absolute fashion the necessity of cooperation from an insured who is not a defendant in the action or whose conduct is not alleged to be a basis of the cause of action.

While I do not agree with the majority's interpretation of the ambit of a cooperation clause, the record in this case amply supports the findings and conclusions of the trial court. In this connection, the bench trial was conducted in conjunction with a stipulation of facts. It is my opinion that one of the most germane stipulations agreed to by counsel for both parties is as follows: "All of the Albany Emergency Center, Inc. personnel who actually saw or treated the patients for whom claims are made in the aforementioned lawsuits against Albany Emergency Center, Inc. are available to both counsel for Plaintiff and Defendants in the above-styled action. Additionally, the medical records of the spouses of Helen Whiddon and June S. Addison, as well as the medical records of Barbara Dyson are available." In fact, one of the essential findings of fact by the trial court was phrased in substantially the same language as this stipulation.

The courts have recognized "the obligation of an insured to [cooperate] under this or similar provisions in liability policies, and the insurer's right to decline to make a defense and to claim its relief of obligation to make payment when the insured fails to cooperate. . . . The [non-cooperation] must, of course, have been material — not merely technical or inconsequential in nature." *H. Y. Akers & Sons v. St. Louis Fire &c. Ins. Co.*, 120 Ga. App. 800, 802 (172 SE2d 355) (1969). In this case, the trial court was authorized to find no *material* breach of the cooperation clause. However, were the evidence to show that Dr. Rawlins not only absconded but, as sole shareholder of the

named defendant, caused the medical records to disappear or by his conduct interfered with the availability and willingness of the medical center employees to testify, it is my opinion that the result in this case would be different.

Accordingly, I do agree that the judgment of the trial court should be affirmed, but I do so on the basis of the well articulated findings and conclusions of the trial court and do not concur in all that is said in the majority's opinion.

DECIDED SEPTEMBER 15, 1987 —
REHEARING DENIED OCTOBER 6, 1987 — 

*William U. Norwood III*, for appellant.
*Del Percilla, Jr., Carl A. Bryant*, for appellees.