**In re Douglas McArthur BYRD, Sr., Patricia Rose Byrd, Debtors.**

**Douglas McArthur Byrd, Sr., Plaintiff,**

**v.**

**Atlanta Casualty Company, Defendant.**

**Atlanta Casualty Company, Movant.**

**Bankruptcy No. 00–41817.
Adversary No. 02–4006.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

June 2, 2003.

Michael P. Cielinski, Columbus, GA, for creditor.

Bruce W. Luquire, William J. Mason, Columbus, GA, for debtor.

William P. Claxton, Claxton & Claxton, LLC, Atlanta, GA, for defendant.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On April 11, 2003, the Court held a hearing on a Motion for Summary Judgment by Atlanta Casualty Company ("Defendant"). The Court was asked to determine whether actions taken by and statements made by Douglas McArthur Byrd, Sr. ("Plaintiff") and Patricia Rose Byrd violated provisions in Defendant's automobile insurance policy covering Plaintiff and Mrs. Byrd's 1999 Chevrolet S–10 Blazer ("1999 Blazer"), so that as a matter of law, Defendant was not obligated to pay Plaintiff for the loss of the 1999 Blazer. Throughout the hearing, a number of objections to Defendant's affidavits were made by Plaintiff's counsel. At the conclusion of the hearing, the Court took the matters under advisement. After considering the pleadings, affidavits, depositions, and answers to interrogatories in the record, the parties' arguments and briefs, as well as the applicable statutory and case law, the Court makes the following rulings of admissibility and conclusions of law.

### ADMISSIBILITY OF AFFIDAVITS

*Objection # 1—Affidavit of Mr. William P. Claxton*

■ Plaintiff specifically objected to the portion of Mr. Claxton's affidavit where it is alleged that Mrs. Byrd called Mr. Claxton's firm and said that Plaintiff was not able to make to a scheduled examination under oath ("EUO") because he was out of town. Plaintiff argues this does not indicate that Mr. Claxton himself spoke with Mrs. Byrd to hear the statement she made on the phone. Therefore, Mr. Claxton lacks specific knowledge of the incident.

While Mr. Claxton made the argument in court that he spoke directly to Mrs. Byrd that day, his affidavit is not worded that way. Because this was a hearing on a motion for summary judgment, the Court was not permitted to take any testimony at the hearing. *See* FED. BANKR. R. 7056. Mr. Claxton's statements in court cannot be considered. Therefore, the Court sustains Plaintiff's objection to Mr. Claxton's affidavit to the extent that it refers to Mrs. Byrd's alleged statement that Plaintiff was out of town on the day in question.

*Objection # 2—Affidavit of Mr. Rodney Jones*

Plaintiff objected to Mr. Jones' affidavit based on the argument that any information he obtained from GEICO would be considered hearsay. Defendant did not

make any argument against this objection. Therefore, the Court sustains Plaintiff's objection to Mr. Jones' affidavit to the extent that it contains information received from GEICO.

### Objection # 3—Affidavit of Camille Hernandez

Plaintiff objected to Ms. Hernandez's affidavit under two arguments. First, Plaintiff argued that Ms. Hernandez lacked personal knowledge of the events that took place regarding a claim Plaintiff made on his GEICO insurance in 1998. Second, even if Ms. Hernandez had such personal knowledge, Plaintiff argued that her affidavit should not be considered because Ms. Hernandez's name was not provided to Plaintiff during discovery as a possible witness.

■ Ms. Hernandez's affidavit states that she was assigned to investigate Plaintiff's claim that his 1998 S–10 Chevrolet Blazer ("1998 Blazer") was stolen on May 11, 1998. Ms. Hernandez clearly has personal knowledge of that particular claim process performed by GEICO. However, Ms. Hernandez's statement in paragraph three of her affidavit that the 1998 Blazer was found after it had been in an accident with the keys in the ignition and its engine running was not proven to have been within Ms. Hernandez's personal knowledge. Ms. Hernandez most likely got this information from the police and it should be considered hearsay. Therefore, the Court sustains Plaintiff's objection to Ms. Hernandez's affidavit to the extent that it contains information regarding the circumstances under which Plaintiff's 1998 Blazer was found. This does not prohibit the Court from considering Ms. Hernandez's conclusion that the vehicle was totaled. In her role as the GEICO employee assigned to investigate Plaintiff's claim, it would

have likely been within her purview to make this determination.

■ As to Plaintiff's second argument, Plaintiff was unable to cite any authority for the proposition that the appropriate sanction for Defendant's failure to provide Plaintiff with Ms. Hernandez's name prior to submitting her affidavit is to exclude Ms. Hernandez's affidavit from consideration on a motion for summary judgment. Being given no authority, the Court overrules Plaintiff's objection, except as stated above.

### Objection # 4—Police Reports

■ Plaintiff objected to the Court's considering police reports submitted Defendant using the argument that the police reports are hearsay. Defendant argued .that the police reports should be considered by the Court under the business or public records exception to the hearsay rule.

■ Police reports are often considered on motions for summary judgment. *See Samuel v. Sun Life Assur. Co. of Can.,* 587 F.2d 203, 204 (5th Cir.1979); *Duffey v. Bryant,* 950 F.Supp. 1168, 1171 (M.D.Ga. 1997). Under *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988), factual findings and matters observed by a public official, such as a police officer, contained in public records, such as police reports, can be allowed in as admissible evidence under the public records exception to the hearsay rule. *Beech Aircraft Corp.,* 488 U.S. at 169–170, 109 S.Ct. 439; *see also* FED. R. EVID. § 803(8)(C); *Miller v. Field,* 35 F.3d 1088, 1091 (6th Cir.1994); *Baker v. Elcona Homes Corp.,* 588 F.2d 551, 556 (6th Cir. 1978); Russell, J., *Bankruptcy Evidence Manual,* § 803.20 at 1051 (2003 Edition). However, statements contained in police reports made by bystanders, witnesses, and other pertinent individuals are not

allowed in as admissible evidence under the Federal Rules of Evidence § 805. FED. R. EVID. § 805; *see also Miller,* 35 F.3d at 1091; Russell, *supra.* Hearsay within hearsay subject to an exception is not admissible. *See id.*

Therefore, the Court will consider the police reports as far as they contain factual findings and matters observed by the police officers involved in the multiple theft reports initiated by Plaintiff concerning his 1998 Blazer and 1999 Blazer, as well as the incident report for the 1999 Blazer. However, the Court will not consider any statements contained within the police reports made by people other than the reporting officer, under the public records exception, and Plaintiff, as admissions. Additionally, the Court will not consider the police reports and records concerning incidents unrelated to the theft reports initiated by Plaintiff and the incident report for the 1999 Blazer because they are irrelevant to the issue before the Court.

### BACKGROUND INFORMATION

On a motion for summary judgment, the Court shall consider affidavits, depositions, and answers to interrogatories, in addition to the pleadings of the parties. *See* FED. BANKR. R. 7056. Further, facts are to be viewed in the light most favorable to the opposing party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Therefore, the facts will be construed in the light most favorable to Plaintiff.

Allegedly, on July 7, 1999, Plaintiff parked the 1999 Blazer in front of his friend's apartment complex. (*See* Def.'s Ex. M—Pl.'s Rec. St., pg. 4; Def.'s Ex. D—Pl.'s EUO, pgs. 39–40; Def.'s Ex. G— Pl.'s Dep., pgs. 8–9). Plaintiff and his friend supposedly left town overnight. (*See* Def.'s Ex. M, pgs. 4–5; Def.'s Ex. D, pgs. 41–44; Def.'s Ex. G, pg. 9). Plaintiff

claims that when he returned on July 8, 1999, the 1999 Blazer was gone. (*See* Def.'s Ex. M, pg. 4; Def.'s Ex. D, pg. 51; Def.'s Ex. G, pg. 9). According to Plaintiff, he checked with his wife to see if she had taken the truck before calling the police to report the truck as stolen. (*See* Def.'s Ex. M, pg. 6; Def.'s Ex. D, pg. 51; Def.'s G, pgs. 9–10).

According the police report, Plaintiff's report was given at 2:55 p.m. on July 8, 1999. (Def.'s Ex. A—Columbus Police Dep't Compl. No. 99016916). What the police officer that responded to Plaintiff's call did not know was that the 1999 Blazer had been found at 6:30 a.m. on the same day. (*See* Def.'s Ex. B—Georgia Unif. Motor Vehicle Accident Rep., Accident No. 4510). The 1999 Blazer had been involved in a one car accident near the intersection of Morris Road and Shep Street in Columbus. (*See id.*). According to the police report, it was found on its side, with the motor running, and the key in the ignition. (*Id.*).

Plaintiff reported the theft loss to Defendant and the claims process began. It was during this claims process that Plaintiff gave some contradictory statements and Mrs. Byrd declined to speak with Defendant because she claimed that the incident did not concern her. In her deposition taken for this adversary proceeding, Mrs. Byrd stated that she may have said something to that effect to Defendant because she did not know anything about the incident. (*See* Def.'s Ex. E—Mrs. Byrd's Dep., pg. 9). Additionally, Defendant alleges that Mrs. Byrd misrepresented Plaintiff's whereabouts on the day of a scheduled EUO. However, Defendant has failed to submit admissible evidence as to this alleged statement.

After investigating the claim, Defendant declined to pay Plaintiff for the theft loss on the 1999 Blazer. When Plaintiff and

Mrs. Byrd filed for bankruptcy in 2000, this adversary proceeding was initiated to recover proceeds from Defendant.

Defendant contends, in its brief and oral argument, that Plaintiff's contradictory statements involved the following issues: 1) how many keys Plaintiff and Mrs. Byrd had for the truck; 2) whether or not Plaintiff looked for the truck prior to calling the police on July 8, 1999; 3) whether Plaintiff's friend lived in a house or an apartment complex; 4) what time Plaintiff left the truck at his friend's place on July 7, 1999; and 5) what other cars Plaintiff and Mrs. Byrd owned and had insured.

Further, according to Detective Watson's follow-up police report dated July 9, 1999, which the Court considers admissible for the limited purposes as stated above, Detective Watson told Plaintiff over the phone that the 1999 Blazer had been recovered. (*See* Def.'s Supp. of R. on Mot. for Summ. J., Columbus Police Dep't Compl. No. 99016916, pg. 2). However, according to the written transcript of Plaintiff's Recorded Statement, which was taken on July 15, 1999, six days *later,* Plaintiff claimed that the 1999 Blazer had not been recovered to his knowledge. (*See* Def.'s Ex. M, pg. 6).

Defendant argues because Plaintiff gave contradictory statements, which Defendant contends were material to their investigation, Plaintiff violated the fraud and misrepresentation clause and the cooperation clause of the insurance policy. Therefore, as a matter of law, Defendant is not legally bound to pay Plaintiff on his claim. Further, Defendant contends that even if Plaintiff's contradictory statements do not rise to the level of materiality required under the insurance policy, that Mrs. Byrd's refusal to speak with Defendant about the incident violates the cooperation clause of the insurance policy.

Plaintiff admits that he made the contradictory statements contended by Defendant. However, Plaintiff argues that those contradictory statements and Mrs. Byrd's refusal to give a recorded statement do not violate the insurance policy because they are not material. Plaintiff did not respond to an inquiry by the Court about the discrepancy between Detective Watson's police report and Plaintiff's Recorded Statement.

## CONCLUSIONS OF LAW

When substantive state law claims, such as those under insurance policies, are pursued via adversary proceedings in bankruptcy, the substantive law of that state is controlling. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Therefore, in the instant case, Georgia law is controlling.

It is well settled in Georgia insurance law that the insured must act in good faith to cooperate with the insurer and to give complete and truthful disclosures as to the claim they are making to the insurance company. *See Hurston v. Georgia Farm Bureau Mut. Ins. Co.,* 148 Ga.App. 324, 325, 250 S.E.2d 886, 888 (1978); *Saint Paul Fire & Marine Ins. Co. v. Gordon,* 116 Ga.App. 658, 660, 158 S.E.2d 278, 279 (1967). However, non-cooperation or incomplete/untruthful disclosures must be material. *See H.Y. Akers & Sons, Inc. v. Saint Louis Fire & Marine Ins. Co.,* 120 Ga.App. 800, 802, 172 S.E.2d 355, 358 (1969).

Many of the contradictory statements made by Plaintiff do not raise to the level of materiality, as a matter of law. The statements had more than one possible explanation and could not have hindered Defendant's claim investigation. However, Plaintiff's statement to Defendant that the 1999 Blazer had not been recovered when six days earlier the police

informed Plaintiff that it had been located is material, as a matter of law. This misrepresentation cannot be justified or explained by Plaintiff's faulty memory or a simple mistake. Plaintiff had a duty to·be honest and forth right with Defendant. Lying to Defendant about the whereabouts of the vehicle clearly violates the fraud and misrepresentation clause, as well as the cooperation clause, of the insurance contract.

The Court holds, as a matter of law, that Plaintiff's misrepresentation to Defendant regarding his knowledge of the whereabouts of the 1999 Blazer during his Recorded Statement is material. Therefore, Defendant can rightfully refuse Plaintiff's claim on this basis. Defendant is entitled to summary judgment, as a matter of law.

Defendant's Motion for Summary Judgment is granted. An order in accordance with this Memorandum Opinion will be entered.